990 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sergio Arturo VILLA-GONZALEZ, Defendant-Appellant.
 No. 90-10368.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 6, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sergio Arturo Villa-Gonzalez appeals his conviction for possession with intent to distribute approximately 100 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii)(II). Villa-Gonzalez claims, first, that Barry Baker-Sipe, his trial counsel, rendered ineffective assistance and, second, that the government engaged in outrageous conduct. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We have been "chary of analyzing insufficiency of counsel claims on direct appeal." United States v. Rewald, 889 F.2d 836, 859 (9th Cir.1989), cert. denied, 498 U.S. 819 (1990) (quoting United States v. Schaflander, 743 F.2d 714, 717 (9th Cir.1984) (citations omitted), cert. denied, 470 U.S. 1058 (1985); accord United States v. Robinson, 967 F.2d 287, 290 (1992). "Challenge by way of a habeas corpus proceeding is preferable as it permits the defendant to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted." United States v. Pope, 841 F.2d 954, 958 (9th Cir.1988). Claims of ineffective assistance may be reviewed on direct appeal only in the rare case "when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." Robinson, 967 F.2d at 291 (citations omitted). Accordingly, we leave this claim to be addressed in a collateral proceeding. See Robinson, 967 F.2d at 291.
 
 
 4
 Villa-Gonzalez contends that his conviction should be reversed because the government's arranging to conduct a large-scale narcotics transaction in a busy shopping mall during business hours was "outrageous." We review proceedings a defendant failed to challenge below for plain error. United States v. Endicott, 803 F.2d 506, 513 (9th Cir.1986). Although we have recognized that law enforcement conduct becomes constitutionally unacceptable under the Due Process Clause when it "shocks the conscience" of the court, Cooper v. Dupnik, 963 F.2d 1220, 1237 (9th Cir.1991), we have barred prosecution for outrageous conduct only once. See Greene v. United States, 454 F.2d 783 (9th Cir.1972). In that case, we concluded that government agents had manufactured the crime by contacting suspected bootleggers, supplying them with equipment and sugar at wholesale price, and purchasing their product. Villa-Gonzalez urges us to expand the doctrine of "outrageous conduct" and reverse convictions not only when government action impinges a defendant's constitutional rights, but also when it poses a possible threat to innocent bystanders. We decline. Accordingly, we discern no plain error in the district court's failure sua sponte to dismiss this prosecution. See Endicott, 803 F.2d at 513.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3