104 F.3d 366
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sergio Arturo VILLA-GONZALEZ, aka: Manuel Ozuna-Lopez,
Defendant-Appellant.
 No. 96-15217.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sergio Arturo Villa-Gonzalez appeals from the district court's denial of his 28 U.S.C. § 2255 motion. Villa-Gonzalez claims that his counsel rendered ineffective assistance and that striking a Spanish-speaking juror constituted a Batson violation.
 
 
 3
 For the substance of his ineffective assistance of counsel claim, Villa-Gonzalez advances a letter from the counsel whose assistance is at issue. This letter was written after the district court decided Villa-Gonzalez's § 2255 petition.
 
 1. Ineffective assistance of counsel claim
 
 4
 Petitioner's letter from Barry Baker-Sipes, the counsel whose assistance is at issue, is not properly before this court because the letter was not a part of the district court record. United States v. Elias, 921 F.2d 870, 874 (9th Cir.1990) ("Documents or facts not presented to the district court are not part of the record on appeal."). Therefore, we do not consider this letter and grant the government's motion to strike. See Kirschner v. Uniden Corp. of America, 842 F.2d 1074, 1077 (9th Cir.1988).
 
 
 5
 To demonstrate ineffective assistance of counsel, a prisoner must show both that "counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694, 104 S.Ct. at 2068. See Siripongs v. Calderon, 35 F.3d 1308, 1313-14 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1175, 130 L.Ed.2d 1127 (1995). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 U.S. at 2068.
 
 
 6
 Under the record before our consideration, Villa-Gonzalez fails to demonstrate prejudice under Strickland because the evidence of guilt presented against him at trial was overwhelming. None of the alleged errors made by counsel undermine confidence in the outcome.
 
 2. Batson claim
 
 7
 In choosing the jury, the prosecutor struck a juror with a Spanish surname who had indicated that he spoke Spanish. Villa-Gonzalez did not object to the strike, but the prosecutor later justified the strike by claiming that he didn't want to take a chance that the juror would do his own interpretation of the Spanish in the transcripts, especially as there had been difficulty with the translations. dkt. # 83 at 136-137.
 
 
 8
 Villa-Gonzalez's counsel did not make an initial objection to the juror's dismissal and did not object to the explanation volunteered by the prosecutor. Therefore, we review the matter for plain error. United States v. Contreras-Contreras, 83 F.3d 1103, 1105 (9th Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 259, 136 L.Ed.2d 184 (1996). " 'Plain error' is an actual error that is 'clear' and 'obvious' under current law." Id.
 
 
 9
 Villa-Gonzalez fails to demonstrate plain error. At the time of his trial, no Ninth Circuit or Supreme Court case had held that it was impermissible to strike a juror out of a concern that the juror would not follow the interpreter's translation. Cases decided even after Villa-Gonzalez's trial similarly have failed to decide this question. See United States v. Alcantar, 897 F.2d 436, 439 (9th Cir.1990) ("We do not reach the question of whether Spanish-speaking ability can ever be a neutral justification for striking jurors under Batson....") (decided one and a half months after Villa-Gonzalez's trial); Hernandez v. New York, 500 U.S. 352, 371, 111 S.Ct. 1859, 1872, 114 L.Ed.2d 395 (1991) ("In holding that a race-neutral reason for a peremptory challenge means a reason other than race, we do not resolve the more difficult question of the breadth with which the concept of race should be defined for equal protection purposes. We would face a quite different case if the prosecutor had justified his peremptory challenges with the explanation that he did not want Spanish-speaking jurors."). Therefore, the district judge did not commit plain error.
 
 
 10
 Because we find that Villa-Gonzalez would not prevail on the merits of his Batson claim, we do not reach the issue of whether the government waived the right to raise objections under United States v. Frady, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).
 
 CONCLUSION:
 
 11
 The government's motion to strike Barry Baker-Sipe's letter is GRANTED. Villa-Gonzalez's motion for summary reversal is DENIED. The district court's judgment is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3