**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Sergio Arturo VILLA–GONZALEZ,**
**aka Manuel Ozuna–Lopez,**
**Defendant–Appellant.**

**No. 99–15515.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 8, 2000.[1]

Filed March 16, 2000.

Sergio Arturo Villa–Gonzalez, Naco, Arizona, defendant-appellant pro se.

**1162**

Richard E. Gordon, Assistant United States Attorney, Tucson, Arizona, for the plaintiff-appellee.

Before: GOODWIN, LEAVY and TASHIMA, Circuit Judges.

PER CURIAM:

Sergio Arturo Villa–Gonzalez appeals pro se the district court's denial of his second 28 U.S.C. § 2255 motion to vacate his conviction and sentence, filed with our permission pursuant to section 2255 and 28 U.S.C. § 2244(b). The district court denied the motion because it found that it did not meet the statutory requirements for the filing of a second or successive section 2255 motion. Villa–Gonzalez appealed and we granted a certificate of appealability. We have jurisdiction under 28 U.S.C. § 2253(a), and we affirm.

## I. FACTS AND PROCEDURAL HISTORY

On January 10, 1990, after a two-day jury trial, Villa–Gonzalez was convicted of possession of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii)(II). At trial, the government presented the testimony of several law enforcement officers who detailed Villa–Gonzalez's participation in a drug transaction in which undercover agents of the United States Drug Enforcement Agency were to purchase 100 kilograms of cocaine for $1.5 million. The agents testified that Villa–Gonzalez actively participated in the negotiation of the price of the drugs and the determination of the method, location and time of the transfer, and that he repeatedly contacted the people who were delivering the drugs. The lead agent testified that Villa–Gonzalez was introduced as the source of the drugs when the agent first met with Villa–Gonzalez and Villa–Gonzalez's brother-in-law, who arranged the meeting.

Villa–Gonzalez's attorney rested after the prosecution's case and therefore did not present any witnesses, nor did Villa–Gonzalez testify on his own behalf, although his attorney indicated in his opening statements that Villa–Gonzalez would testify.

On July 3, 1990, the district court sentenced Villa–Gonzalez to 188 months' imprisonment. Villa–Gonzalez filed a direct appeal, raising due process and ineffective assistance of counsel claims. We affirmed, rejecting Villa–Gonzalez's due process claim as an unwarranted extension of the Due Process Clause, and declining to address his ineffective assistance claim on direct appeal. *See United States v. Villa–Gonzalez*, No. 90–10368, 1993 WL 100130 (9th Cir. Apr.6, 1993) (unpublished memorandum decision).

On August 30, 1995, Villa–Gonzalez filed his first section 2255 motion to vacate his conviction and sentence, raising claims of ineffective assistance of counsel and a *Batson* violation. *See Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The district court denied the motion, and Villa–Gonzalez appealed. While his appeal was pending, Villa–Gonzalez received a letter from his trial counsel detailing the various ways in which counsel had been ineffective at trial, including preventing Villa–Gonzalez from testifying against Villa–Gonzalez's wishes. Villa–Gonzalez submitted the letter to this court, but, on the motion of the government, we struck the letter because it had not been presented to the district court. *See United States v. Villa–Gonzalez*, No. 96–15217, 1996 WL 740856, at *1 (9th Cir. Dec.20, 1996) (unpublished memorandum disposition). We affirmed on the merits the district court's denial of the ineffective assistance claim, as well as the *Batson* claim. *See id.* at *1– *2.

Soon after our decision, in accordance with the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104–132, Tit. I, § 105, 110 Stat. 1214, 1220 (AEDPA) (codified in relevant part at 28

U.S.C. §§ 2255 and 2244), Villa–Gonzalez requested that we certify his second section 2255 motion for filing in the district court. *See* 28 U.S.C. §§ 2255; 2244(b)(3)(A). We granted Villa–Gonzalez permission to file his second section 2255 motion and Villa–Gonzalez filed the motion in the district court on March 25, 1997. The motion renewed the ineffective assistance of counsel claim, this time supported by his attorney's letter.

The district court initially denied the motion; however, upon Villa–Gonzalez's motion for reconsideration, it referred the matter to a magistrate judge for a report and recommendation. The magistrate judge appointed Villa–Gonzalez counsel and further ordered that the parties address the issue of whether, despite our grant of permission, the district court should reject Villa–Gonzalez's motion because it failed to meet the statutory requirements for a second or successive motion. *See* 28 U.S.C. § 2244(b)(4). In his responses to the magistrate's order, Villa–Gonzalez stated that he was merely pretending to be the source of the drugs as a favor to his brother-in-law, and argued that because of his counsel's incompetent representation, he was unable to demonstrate his innocence to the jury.

The magistrate judge recommended that the district court grant Villa–Gonzalez's motion for reconsideration, but that the court deny the section 2255 motion itself because it failed to meet the statutory requirements for a second or successive motion. The district court subsequently adopted the magistrate's report and recommendation, and denied the motion for failure to meet the statutory requirements. Villa–Gonzalez timely filed a notice of appeal.

## II.  DISCUSSION

### A.  Application of the AEDPA's Second or Successive Motion Provisions

■ Villa–Gonzalez contends that applying the second and successive motion provisions of the AEDPA to his case is impermissible because it attaches new legal consequences to his pre-AEDPA act of filing his first section 2255 motion. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 269–70, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). This contention lacks merit.

■ The applicability of a statute to a particular case is a question of law we review de novo. *See Torres–Lopez v. May*, 111 F.3d 633, 638 (9th Cir.1997). Before reaching the question of whether a statute is impermissibly retroactive, we must first determine whether the statute operates retroactively at all. *See Landgraf*, 511 U.S. at 268–70, 114 S.Ct. 1483. Unlike both *Landgraf* and *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), this case does not involve an action that was pending when the law at issue was enacted.

Although the AEDPA amendments at issue affect Villa–Gonzalez's right to file a second or successive motion, they do not affect his vested (and exhausted) right to file his first motion, nor do they impose a new duty or disability with respect to the resolution of his first motion. *See Landgraf*, 511 U.S. at 269, 114 S.Ct. 1483. Villa–Gonzalez had no vested right to file a second or successive motion under the pre-AEDPA standards solely because he filed his first motion before the AEDPA was enacted. The mere fact that the new limitations on his filing of the second motion draw upon the antecedent fact that he filed a pre-AEDPA motion does not make the application of the new provisions to his most recent motion retroactive. *See Landgraf*, 511 U.S. at 269–70 n. 24, 114 S.Ct. 1483.

■ We therefore reject Villa–Gonzalez's claim that the second or successive petition provisions of the AEDPA act retrospectively in this case, and accordingly conclude that the district court properly applied the amended provisions to Villa–Gonzalez's motion under the general rule that "a court is to apply the law in effect at the time it renders its decision." *Landgraf*, 511 U.S. at 264, 114 S.Ct. 1483 (quot-

ing *Bradley v. School Bd.*, 416 U.S. 696, 711, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974)).[2]

## B. Application of 28 U.S.C. § 2244(b)(4) in section 2255 proceedings

The district court determined that 28 U.S.C. § 2244(b)(4) authorized it to re-examine our grant of permission to Villa–Gonzalez to file his second section 2255 motion.[3] Villa–Gonzalez contends that our grant of permission forecloses the district court from finding his motion does not meet the statutory requirements. Villa–Gonzalez's contention lacks merit.

Section 2255, by its terms, expressly incorporates the procedures for certification of the filing of a second or successive motion set forth in section 2244. *See* 28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 . . . ."). The Seventh Circuit has stated that the court of appeals' grant of permission to file a second section 2255 motion is "tentative in the following sense: the district court must dismiss the motion that we have allowed the applicant to file, without reaching the merits of the motion, if the court finds that the movant has not satisfied the requirements for the filing of such a motion." *Bennett v. United States*, 119 F.3d 468, 470 (7th Cir.1997). We

agree, and conclude that the plain language of section 2255 incorporates 28 U.S.C. § 2244(b)(4) as part of the certification procedures of section 2244.

As incorporated through section 2255, section 2244(b)(4) requires that a prisoner make a showing to the district court that his or her second or successive motion contains: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[4] 28 U.S.C. § 2255. Although the statute does not explain the nature of this showing, we conclude that the prisoner must make more than another prima facie showing. The district court would otherwise be faced with reviewing and possibly overturning our unappealable grant of permission to file a second motion on the same showing by the petitioner under the exact same standard. *See* 28 U.S.C. § 2244(b)(3)(E).

2. We also note that in all three cases in which the Supreme Court has discussed application of the new second or successive petition provisions, the prisoners' petitions straddled the AEDPA's enactment. *See Stewart v. Martinez–Villareal*, 523 U.S. 637, 640–41, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998); *Calderon v. Thompson*, 523 U.S. 538, 544–47, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998); *Felker v. Turpin*, 518 U.S. 651, 655–57, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). In *Felker*, the Supreme Court decided that the restrictions on second and successive petitions imposed by the AEDPA do not amount to a suspension of the writ of habeas corpus. *Felker*, 518 U.S. at 664, 116 S.Ct. 2333. In *Martinez–Villareal*, the Court, while concluding that the AEDPA provisions did not apply because the instant motion was not a "second or successive" petition, pointed out that "[I]f respondent's current request for relief is a 'second or successive' application, then it plainly should have been dismissed [under the amended provisions of § 2244(b)]." *Martinez–Villareal*, 523

U.S. at 642, 118 S.Ct. 1618. Finally, in *Thompson*, the Court concluded that our decision to recall the mandate was not based on a second or successive application, but stated that "had the court [of appeals] considered claims or evidence presented in Thompson's later filings, its action would have been based on a successive application, and so would be subject to § 2244(b)." *Thompson*, 523 U.S. at 554, 118 S.Ct. 1489.

3. Section 2244(b)(4) provides that "[a] district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." 28 U.S.C. § 2244(b)(4).

4. We point out that in the context of a section 2255 motion, the phrase "the requirements of this section" in section 2244(b)(4) refers to the requirements set out in section 2255, not section 2244(b)(2).

■ We conclude, therefore, that under section 2244(b)(4), a district court must conduct a thorough review of all allegations and evidence presented by the prisoner to determine whether the motion meets the statutory requirements for the filing of a second or successive motion. As with the district court's review of a first section 2255 motion, summary denial of the motion is proper when the motion and the files and records of the case conclusively show that the prisoner's motion does not meet the second or successive motion requirements. *See* 28 U.S.C. § 2255. If the existing record does not conclusively resolve the issue, the district court should order a response from the government and hold an evidentiary hearing. *See id.*

■ Thus, in this case we must decide whether the district court properly denied Villa–Gonzalez's motion because the record conclusively shows that the motion failed to present newly discovered evidence that would establish by clear and convincing evidence that no reasonable factfinder would have found him guilty.[5]

■ A district court's denial of a second or successive section 2255 motion on the ground that the motion fails to meet the statutory requirements is a legal conclusion we review de novo. We review for clear error the district court's factual findings. *See United States v. Navarro,* 160 F.3d 1254, 1255 (9th Cir.1998), *cert. denied,* 527 U.S. 1011, 119 S.Ct. 2354, 144 L.Ed.2d 249 (1999).

Notwithstanding Villa–Gonzalez's claim that he was merely pretending to be the source of the drugs, and his trial attorney's admissions of inadequate representation, Villa–Gonzalez has not alleged facts that present clear and convincing evidence that no reasonable factfinder would have found him guilty. To the contrary, the record contains substantial evidence, as well as Villa–Gonzalez's own admissions, that he willingly associated himself with and participated in the distribution of the

100 kilograms of cocaine. Thus, the record conclusively shows that a reasonable factfinder could have found that Villa–Gonzalez was, at a minimum, subject to aider and abettor liability. *See United States v. Castro,* 887 F.2d 988, 995–96 (9th Cir. 1989); *see also United States v. Armstrong,* 909 F.2d 1238, 1241 (9th Cir.1990) (stating that "[a]iding and abetting is implied in every federal indictment for a substantive offense."). Accordingly, the district court properly denied Villa–Gonzalez's motion on the ground that it did not meet the statutory standards for filing a second section 2255 motion.

**AFFIRMED.**

---

5. Villa–Gonzalez does not contend that he is entitled to file his second section 2255 motion because of a new rule of constitutional law.

*See* 28 U.S.C. § 2255, second subdivision (2). Thus, we consider only whether he has satisfied section 2255, second subdivision (1).