**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**William E. HARVEY, Defendant–
Appellant.**

**No. 00–35172.**
**D.C. Nos. CV–00–00036–PGH,
CR–90–00004–PGH.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 2001.

Decided Feb. 16, 2001.

---

1. We assume, without deciding, that Griffin has standing to challenge the search.

Before REINHARDT, WARDLAW, and GOULD, Circuit Judges.

MEMORANDUM *

William Harvey appeals the dismissal of his second motion under 28 U.S.C. § 2255. We affirm.

Harvey seeks to vacate his plea of guilty to three counts of distribution of methamphetamine on the ground that, but for the government's suppression of exculpatory evidence and his counsel's ineffectiveness, he would have exercised his right to go to trial. Although Harvey's successive motion was certified by a panel of this court, the district court was correct in conducting its own review to determine whether the motion met the statutory requirements for the filing of a successive motion. *See United States v. Villa–Gonzalez,* 208 F.3d 1160, 1164–65 (9th Cir.2000). It was also correct in concluding that Harvey's motion did not meet the stringent requirements of 28 U.S.C. § 2255. Virtually all of Harvey's newly discovered evidence pertained only to charges that were dismissed pursuant to his plea agreement, and not to the three crimes to which he pleaded guilty. The only new evidence that potentially related to the crimes to which Harvey pleaded guilty involved the government's alleged suppression of an informal immunity agreement with an informant who would have provided trial testimony against Harvey. However, Harvey has not shown by clear and convincing evidence that, had a trial occurred and had he impeached the government's witness with evidence of his informant status, no rational juror would have found him guilty of the offenses. Ac-

cordingly, the district court did not err in dismissing his petition. Thus, we do not consider the merits of Harvey's claims.

AFFIRMED.

---

* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.