**Antonio Fernando AVELAR, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–73421.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 2008.

Filed June 12, 2008.

Robert H. Gibbs, Gibbs Houston Pauw, Seattle, WA, for Petitioner.

Marion E. Guyton, Ronald E. LeFevre, Office of the District Counsel, San Francisco, CA, OIL, District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: GRABER and RAWLINSON, Circuit Judges, and WRIGHT,* District Judge.

MEMORANDUM **

Antonio Fernando Avelar, a native and citizen of Portugal, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") pretermission of his application for discretionary relief from deportation. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition and remand for further proceedings.

Avelar exhausted his claim that the IJ incorrectly applied the Antiterrorism and Effective Death Penalty Act, Pub.L. No. 104–132, 110 Stat. 1214, 1277 (1996), by stating in his brief to the BIA that the IJ "erred in finding that [Avelar] was not eligible for 212(c) relief where application of the AEDPA and IIRIRA to [Avelar] would result in severe retroactive effect." See Kaganovich v. Gonzales, 470 F.3d 894, 897 (9th Cir.2006) (claim is exhausted if petitioner's arguments below "put the BIA

---

* The Honorable Otis D. Wright II, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3. May 20, 2008.

on notice [and gave it] . . . an opportunity to pass on th[e] issue") (internal quotation marks omitted).

"The applicability of a statute to a particular case is a question of law we review *de novo.*" *United States v. Villa–Gonzalez,* 208 F.3d 1160, 1163 (9th Cir.2000) (per curiam). Because Avelar's deportation case commenced in 1993, the IJ erred in applying to Avelar AEDPA § 440(d)'s repeal of section 212(c) relief for aliens convicted of qualifying drug offenses. *See Magana–Pizano v. INS,* 200 F.3d 603, 611 (9th Cir.1999) ("AEDPA § 440(d) cannot be applied to deportation cases pending on the date AEDPA became law [April 24, 1996]."); *see also United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir. 2000) (same).

We reject the Government's argument that the REAL ID Act, Pub L. No. 109–13, § 106(a), 119 Stat. 231, 310 (2005), completely eliminated the availability of section 212(c) relief regardless of when an alien's deportation proceeding commenced. Respondent offers no authority for that broad proposition, and we find none. Contrary to the Government's suggestion, moreover, 8 C.F.R. § 212.3(g), which codifies our holding in *Magana–Pizano,* has not been repealed, but continues to allow aliens whose deportation proceedings commenced before April 24, 1996, to apply for section 212(c) relief. *See* 8 C.F.R. § 212.3(g).

We therefore remand for proceedings consistent with this disposition.

**PETITION GRANTED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.