FILED

**NOT FOR PUBLICATION**

APR 30 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



PAUL J. COX, Jr.,

              Petitioner - Appellant,

  v.

KAREN MENDOZA POWERS, Warden
Avenal State Prison, Substituted for Tom
L. Carey,

           Respondent - Appellee.

No. 11-56954

D.C. No. 5:06-cv-00003-GHK-
MAN

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Argued and Submitted February 13, 2013
Pasadena, California

Before: BERZON and WATFORD, Circuit Judges, and CARR, Senior District
Judge.[**]

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The Honorable James G. Carr, Senior District Judge for the U.S.
District Court for the Northern District of Ohio, sitting by designation.

Petitioner Paul Cox, Jr. ("Cox") was convicted of second degree murder and sentenced to a term of fifteen years to life in state prison. Cox's direct appeal and first federal habeas petition were unsuccessful. We then granted Cox leave to file a second or successive federal habeas petition in the district court asserting a claim of actual innocence based on new evidence. The district court dismissed Cox's second petition. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

**1.** The standard for filing a second or successive habeas petition is set forth at 28 U.S.C. § 2244(b)(2)(B), which provides in relevant part that:

> [a] claim presented in a second or successive habeas corpus application under section 2254 . . . shall be dismissed unless . . . (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.[1]

"Before filing a successive petition in the district court, 28 U.S.C. § 2244(b)(3) requires [a petitioner] to make a 'prima facie showing' to this court that his petition would satisfy section 2244(b)(2)." *Woratzeck v. Stewart*, 118 F.3d 648, 650 (9th Cir. 1997) (per curiam); *see also Stewart v. Martinez-Villareal*, 523

---

[1] 28 U.S.C. § 2244(b)(2)(B)(i) requires a petitioner seeking to file a second or successive petition to show that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence." The district court assumed—and the government does not dispute—that Cox satisfied this due diligence requirement.

U.S. 637, 641 (1998). A "prima facie showing" in this Court is "a sufficient showing of *possible* merit to warrant a fuller exploration by the district court." *Cooper v. Woodford*, 358 F.3d 1117, 1119 (9th Cir. 2004) (en banc) (quoting *Woratzeck*, 118 F.3d at 650); *see also Thompson v. Calderon*, 151 F.3d 918, 925 (9th Cir. 1998). We previously determined that Cox made a prima facie showing and granted him leave to file his second petition in the district court. That earlier determination did not, as Cox argues, preclude the district court from nonetheless dismissing his petition for failing to satisfy § 2244(b)(2). *See* 28 U.S.C. § 2244(b)(4); *see also United States v. Villa-Gonzalez*, 208 F.3d 1160, 1164 (9th Cir. 2000).

We review the district court's dismissal of a second or successive habeas petition *de novo*. *Villa-Gonzalez*, 208 F.3d at 1165. Cox asserts in his second petition a claim of actual innocence based on newly discovered evidence. The Supreme Court has, on several occasions, assumed, without expressly deciding, that such a "freestanding" actual innocence claim is cognizable on federal habeas review. *See Herrera v. Collins*, 506 U.S. 390, 417 (1993); *House v. Bell*, 547 U.S. 518, 554-55 (2006). In the absence of any governing Supreme Court precedent, we also have assumed that freestanding actual innocence claims are cognizable on federal habeas review, *see, e.g.*, *Carriger v. Stewart*, 132 F.3d 463, 476-77 (9th

3

Cir. 1997) (en banc); *United States v. Berry*, 624 F.3d 1031, 1038 n.5 (9th Cir. 2010), and that they may be brought in a second or successive petition under § 2244(b)(2), *see Morales v. Ornoski*, 439 F.3d 529, 533 (9th Cir. 2006). We so assume here as well.

The principal disputed issue at Cox's trial—as to which the parties presented conflicting eyewitness testimony—was whether the victim reached for a gun just before Cox shot him. Although Cox's new evidence might have bolstered his self-defense argument, it is insufficient to satisfy § 2244(b)(2)(B)(ii). Viewing Cox's newly discovered evidence "in light of the evidence as a whole" and assuming that the new witness was credible in the sense that he was stating what he believed he saw, we cannot say that Cox has "clear[ly] and convincing[ly]" shown that no reasonable factfinder would find him guilty. 28 U.S.C. § 2244(b)(2)(B)(ii). Although there would then be directly contradictory eyewitnesses, the jury could have continued to believe that the prosecution witness' testimony was more accurate than that of the defense witnesses.

**2.** Nor was Cox entitled to an evidentiary hearing before the district court dismissed his second petition. As we explained in *Villa-Gonzalez*, "summary denial of [a successive petition] is proper when the [petition] and the files and records of the case conclusively show that the prisoner's [petition] does not meet

4

the second or successive [petition] requirements." 208 F.3d at 1165. Here, the district court concluded that, even assuming Cox's proffered eyewitness was credible and told the truth as he perceived it, that evidence did not show, clearly and convincingly, that a reasonable jury would not have convicted Cox. Accordingly, the district court was not obligated to hold an evidentiary hearing on Cox's newly discovered evidence. *See Schriro v. Landrigan*, 550 U.S. 465, 474-75 (2007).

**AFFIRMED.**