NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 8 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERRENCE EDWIN PRINCE, | No. 16-55418 |
| Petitioner-Appellant, | D.C. No. 2:15-cv-04222-R-DTB |
| v. | |
| JOE A. LIZARRAGA, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted October 19, 2017
San Francisco, California

Before: CALLAHAN and BEA, Circuit Judges, and RESTANI,** Judge.

Petitioner Terrence Prince challenges his 1982 conviction and sentence for

first degree murder, claiming that the state suppressed materially exculpatory

evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The district court

dismissed Prince's action for lack of jurisdiction. Because Prince failed first to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

apply to this court for leave to file a second or successive petition for habeas relief in the district court, *see* 28 U.S.C. § 2244(b), we **AFFIRM.**

**1.** In 1982, a jury convicted Prince of first-degree murder and possession of a concealed firearm by a convicted felon. Prince was one of two or three men who broke into a restaurant and check-cashing business in an attempted robbery gone awry. Over the course of a minute, Prince shot multiple times at the restaurant owner, Bruce Horton. Horton died from his wounds and Prince was charged with Horton's murder. Prince is currently serving a life sentence without the possibility of parole.

Substantial evidence inculpated Prince: multiple eyewitnesses positively identified him; Prince had previously been photographed brandishing the type of gun used to kill Horton; eyewitness descriptions of Prince's gun were consistent with the type of gun used to kill Horton; Prince had a jacket at his residence that eyewitnesses testified was of the type he wore to commit the crime; Prince brought his co-conspirator to the hospital to receive treatment for gunshot wounds shortly after the crime; Prince appeared flustered and paranoid at the hospital; Prince did not wait for his co-conspirator to be treated but instead left hurriedly; Prince never reported his co-conspirator's injuries to the police; and Prince's testimony at trial contradicted the testimony of multiple witnesses in material ways.

**2.** The California Court of Appeal affirmed Prince's conviction and sentence and the California Supreme Court denied review in 1984. In 1989, Prince filed a petition for a writ of habeas corpus in federal district court, which the court dismissed without prejudice for failure to exhaust state-court remedies. In 1991, Prince refiled his petition, which the district court dismissed on the merits. The Ninth Circuit affirmed the dismissal in 1994.

In 2007, Prince filed a second state habeas petition. Over the course of that proceeding, the Los Angeles County District Attorney's Office turned over Officer Robert Peloquin's notes of interviews related to the robbery-murder. The notes were the same as the notes the State disclosed to Prince before his trial, except that now—twenty-seven years later—they included an additional page. The previously undisclosed page was an account of Peloquin's interview with one Nelida Walsh. Walsh was standing across the street from the restaurant at the time of the crime when she heard gunshots. She saw a man armed with a shotgun or rifle standing in the doorway of the restaurant. Walsh's description of the man conflicted with the eyewitness descriptions of Prince. Walsh provided the same account to Detective Charles Worthen, but Worthen did not document Walsh's existence or her statements in any official reports.[1]

---

[1]    The California Superior Court determined that defense counsel was apprised of some of the information provided by Walsh. For example, Detective Worthen testified that the shooter wore a red and white striped shirt—a detail that came

In 2013, the state superior court granted Prince's habeas petition based on the Walsh statement, concluding it was *Brady* material, but the California Court of Appeal reversed in 2015, and the California Supreme Court denied review. Later in 2015, Prince filed a federal habeas petition in district court asserting a *Brady* claim based on the Walsh evidence. The court dismissed the case for lack of jurisdiction because it held that the petition was second or successive under 28 U.S.C. § 2244(b), and therefore Prince could invoke the district court's jurisdiction only with the approval of this court.

**3.** Prince argues that his petition is not second or successive because he filed his first federal habeas petition before § 2244(b) was enacted as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). He reasons that applying AEDPA's second-or-successive bar would amount to an impermissible retroactive application of AEDPA. The district court rejected this argument, as do we.

We have already considered and decided the issue that Prince raises in his petition. In *United States v. Villa-Gonzalez*, 208 F.3d 1160, 1163–64 (9th Cir. 2000), we explained that applying AEDPA to second-in-time habeas petitions,

---

from Walsh. In addition, some of the information Walsh provided to police was included in a preliminary investigation report and in Williams' arrest report. It is unclear from the record what information was, in fact, included in any official documents disclosed to defense counsel at trial.

4

where the initial habeas petition was filed pre-AEDPA, does not constitute retroactive application of AEDPA, let alone impermissible retroactive application. This is because AEDPA's enactment does not "impair" a petitioner's right to file a second-in-time habeas petition, regardless of when he filed his initial petition. *See id.* at 1163. The fact that the standard for bringing a second or successive petition was different at the time of the first habeas filing "does not make the application of the new [AEDPA] provisions to his most recent motion retroactive." *Id.* Prince's argument to the contrary is therefore foreclosed.

Moreover, for the reasons set forth in our concurrently filed published opinion, *Brown v. Muniz*, No. 16-15442, --- F.3d ---- (9th Cir. 2018), Prince's petition is second or successive notwithstanding his ignorance of the *Brady* material at the time he filed his initial federal petition. Because the factual predicate for Prince's *Brady* claim—the State's failure to turn over the alleged exculpatory evidence—accrued before Prince filed his initial petition, AEDPA § 2244(b)(2)(B) governs his action. It is therefore second or successive, meaning Prince must first apply to this court for permission to have his petition heard in the district court. 28 U.S.C. § 2244(b)(3). He has not done so.

**AFFIRMED.**