NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. BRIAN FIERRO, Defendant-Appellant. | No.  20-16058 D.C. Nos. 2:12-cv-02062-KJD 2:09-cr-00240-KJD-PAL-1 MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted May 18, 2021[**]

Before:     CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Federal prisoner Brian Fierro appeals from the district court's judgment

denying his motion to vacate under 28 U.S.C. § 2255.  We have jurisdiction under

28 U.S.C. § 2253.  We review de novo the district court's denial of a motion to

vacate under § 2255, *United States v. Reves*, 774 F.3d 562, 564 (9th Cir. 2014),

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and we affirm.

Appellant argues that Hobbs Act robbery under 18 U.S.C. § 1951 does not constitute a crime of violence under the elements clause of 18 U.S.C. § 924(c). This contention is foreclosed. *See United States v. Dominguez*, 954 F.3d 1251, 1260-61 (9th Cir. 2020) (reaffirming that Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)). Fierro asserts that *Dominguez* was wrongly decided, but as a three-judge panel, we are bound by the decision. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) (three-judge panel is bound by circuit precedent unless that precedent is "clearly irreconcilable" with intervening higher authority).

We treat Fierro's arguments regarding the district court's denial of his motion to amend the § 2255 motion to plead claims under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), as a motion to expand the certificate of appealability. So treated, the motion is denied because Fierro has not shown that "jurists of reason would find it debatable whether the [section 2255 motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See* 28 U.S.C. § 2253(c)(2); 9th Cir. R. 22-1(e); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999); *see also Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012); *Tate v. United States*, 982 F.3d 1226, 1227-

28 (9th Cir. 2020) (holding that *Rehaif* did not announce a new rule of constitutional law); *United States v. Villa-Gonzalez*, 208 F.3d 1160, 1165 (9th Cir. 2000) (stating that the district court must make an independent determination of whether § 2255(h) is satisfied).

**AFFIRMED**.