**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARTICO A. MULDROW,

        Petitioner-Appellant,

v.

ATTORNEY GENERAL FOR THE STATE OF ARIZONA; RYAN THORNELL,

        Respondents-Appellees.

No.   22-15222

D.C. No. 2:16-cv-04606-DLR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted February 6, 2024[**]
Phoenix, Arizona

Before: MURGUIA, Chief Judge, and HAWKINS and JOHNSTONE, Circuit Judges.

Petitioner Martico Muldrow ("Muldrow") appeals the dismissal of his habeas

petition as a barred second or successive habeas petition. *See* 28 U.S.C. § 2244 (b).

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review Muldrow's appeal *de novo*, *United States v. Villa-Gonzalez*, 208 F.3d 1160, 1165 (9th Cir. 2000), and we affirm.

Muldrow was convicted of first-degree felony murder in connection with the 1988 robbery of an IGA grocery store and the sexual assault and murder of the grocery store manager. His first habeas petition was denied in 2009. To bring a second habeas petition, Muldrow must demonstrate that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and that "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(i) & (ii). Muldrow's second habeas petition is based on newly discovered *Brady* material that could have been used to impeach Detective Saldate, a detective who oversaw the initial investigation of the crime, which did not at the time result in an arrest.[1]

However, the impeachment of Saldate would not help Muldrow meet his burden of establishing that no reasonable juror would have found him guilty of the crime in light of the other evidence of Muldrow's guilt. In this case, Saldate played a relatively minor role in the trial, laying the foundational groundwork of what was

---

[1] As outlined in *Milke v Ryan*, 711 F.3d 998, 1020 (9th Cir. 2013), Saldate had a history of misconduct in some other cases, including lying under oath, failing to give *Miranda* warnings, and other interrogation issues.

uncovered in the initial investigation, much of which was also repeated by other officers and forensic examiners who worked on the case in the late 1980s. The trial instead focused primarily on the cold case investigation that occurred over ten years later and eventually led to Muldrow's arrest, including new interviews of Muldrow and co-workers by new detectives, new DNA testing, and the implausibility of Muldrow's explanation for the presence of his DNA in the victim. As the district court aptly summarized:

> The evidence of Petitioner's guilt is not built on Saldate's testimony and there is no exonerating evidence, other than impeachment, presented in the petition. Although Petitioner could have been able to impeach Saldate more thoroughly at trial with this new evidence, his role in the investigation was minor and his testimony was not critical to the State's case. The evidence offered by Petitioner is insignificant in the context of the evidence of guilt presented at trial. Petitioner has not shown by clear and convincing evidence that but for the alleged Brady violation no reasonable factfinder would have found him guilty of the underlying offense or of intending to promote or facilitate either the robbery of the grocery store or the kidnapping and sexual assault of Ms. Myers.

Muldrow's second habeas petition was properly dismissed as barred by 28 U.S.C. § 2244(b).

**AFFIRMED.**

3