NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-35442 |
| Plaintiff-Appellee, | D.C. Nos. 1:18-cv-00134-BMM |
| v. | 1:94-cr-00082-BMM-5 |
| DEAN LAFROMBOISE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, Chief District Judge, Presiding

Submitted August 20, 2024**
Portland, Oregon

Before: CHRISTEN and NGUYEN, Circuit Judges, and EZRA,*** District Judge.

Dean LaFromboise appeals the district court's denial of his second or

successive 28 U.S.C. § 2255 motion. We review a denial of a § 2255 motion de

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

novo, *United States v. Fredman,* 390 F.3d 1153, 1156 (9th Cir. 2004), and any factual findings for clear error. *United States v. Villa-Gonzalez*, 208 F.3d 1160, 1165 (9th Cir. 2000). We have jurisdiction under § 2255, and we affirm.

To establish a violation under *Brady* or *Giglio*: "(1) the information must be favorable to the defense; (2) it must not have been disclosed by the government before or at trial; and (3) there must have been resulting prejudice." *United States v. Mazzarella*, 784 F.3d 532, 538 (9th Cir. 2015); *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Giglio v. United States*, 405 U.S. 150, 153-54 (1972). Prejudice or materiality requires a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Kohring*, 637 F.3d 895, 902 (9th Cir. 2011) (citation omitted).

LaFromboise argues that the prosecution withheld three pieces of evidence from the defense in his 1995 trial for drug conspiracy. First, he alleges that he should have received a letter between counsel for the government's witness, Jessie Leal, and the prosecutor, detailing "escalating verbal [plea] offers." According to LaFromboise, this evidence could have been used to demonstrate the prosecutor's "coercive influence" over the witness and further undercut his credibility. The district court found, however, that the letter only "represent[ed] that defense counsel and the prosecutor had been engaging in verbal plea negotiations," which the prosecutor was under no duty to produce. We find no clear error in the district

2

court's conclusion that the "letter fails to offer documentary evidence that should have been disclosed by the Government." Thus, there was no violation under *Brady* or *Giglio*.

LaFromboise next argues that he should have been told that government witness Bud Chapel was arrested by Montana Highway Patrol ("MHP") two days before he testified, citing to a newspaper article. The district court did not clearly err in finding "insufficient grounds exist to establish that the prosecutor knew of the MHP traffic stop and connected it to Chapel." While a "prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police," the federal prosecutor was not working with MHP here. *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). Again, LaFromboise fails to show a discovery violation.

LaFromboise also argues that the government should have disclosed a one-page fax from the Kern County, California prosecutor, which agreed to dismiss a state misdemeanor charge against government witness Don Allen if he agreed to a federal plea deal. The district court concluded that this was a "marginal discovery failure" about a "much less significant charge," and that any cross-examination on this letter would have been "duplicative." We agree because LaFromboise's counsel extensively cross-examined Allen about his favorable plea with the government. While there was a failure to produce evidence, LaFromboise fails to

3

show that he was prejudiced.

Even when considering the evidence cited by LaFromboise collectively, there was no prejudicial impact on the trial. *See United States v. Sarno*, 73 F.3d 1470, 1505 (9th Cir. 1995); *Kohring*, 637 F.3d at 902 ("Suppressed evidence is considered collectively, not item by item.") (quotation marks and citation omitted). LaFromboise argues that Leal, Allen and Chapel were "critical" prosecution witnesses. But the other evidence against him was overwhelming, including testimony from many other witnesses, video evidence, and physical evidence connecting him to the conspiracy. Accordingly, LaFromboise cannot show a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Kohring*, 637 F.3d at 902 (citation omitted).

In sum, because LaFromboise cannot show that the undisclosed evidence is material, the district court properly denied an evidentiary hearing and dismissed his § 2255 motion. § 2255(b); *United States v. Lopez*, 577 F.3d 1053, 1068 (9th Cir. 2009).

**AFFIRMED**.