**Michael W. JENKINS, Petitioner–Appellant,**

v.

**Dan JOHNSON, Superintendent Snake River Correctional Institution, Respondent–Appellee.**

**No. 06–35150.**

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2007.*

Filed May 3, 2007.

Lisa Hay, FPDOR—Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Douglas Park, Esq., AGOR—Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOULD, PAEZ, and RAWLINSON, Circuit Judges.

## MEMORANDUM [**]

Petitioner Michael Wayne Jenkins appeals the district court's dismissal for procedural default of his 28 U.S.C. § 2254 habeas corpus petition challenging his 1980 conviction for kidnapping, rape, sodomy, robbery, and attempted murder. Jenkins concedes that he has procedurally defaulted his claim that his federal due process rights were violated when he was tried and convicted in an adult court that lacked jurisdiction over him. *See* 28 U.S.C. § 2254(b). Jenkins argues, however, that because he is "actually innocent," we can excuse the procedural default. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm. "This court . . . reviews de novo a district court's decision to dismiss a habeas corpus petition for procedural default." *Smith v. Baldwin,* 466 F.3d 805, 811 (9th Cir.2006).

A procedural default may be excused if there is a fundamental miscarriage of justice, as where the petitioner can show that a " 'constitutional violation has probably resulted in the conviction of one who is actually innocent' of the offense that is the subject of the barred claim." *Smith,* 466 F.3d at 812 (quoting *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). Actual innocence serves as a "gateway" that allows the court to consider the procedurally defaulted claim. *See id.*

A claim of actual innocence requires factual innocence. *See Bousley v. United States,* 523 U.S. 614, 623–24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) ("It is important to note in this regard that 'actual

innocence' means factual innocence, not mere legal insufficiency." (citing *Sawyer v. Whitley,* 505 U.S. 333, 339, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992))); *see also House v. Bell,* —— U.S. ——, 126 S.Ct. 2064, 2077, 165 L.Ed.2d 1 (2006) (stating that " 'to be credible,' a gateway claim requires 'new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not present at trial' " (quoting *Schlup v. Delo,* 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995))); *Morales v. Ornoski,* 439 F.3d 529, 533 (9th Cir.2006) (quoting *Bousley,* 523 U.S. at 623, 118 S.Ct. 1604). Thus, because Jenkins has not challenged the facts underlying his conviction, his claim of actual innocence must fail, and the procedural default bars consideration of the merits of his claim.

**AFFIRMED.**

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.