FILED
United States Court of Appeals
Tenth Circuit

June 30, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHRISTOPHER CLEVELAND,

        Petitioner-Appellant,

v.

KAMERRON HAVANEK, Warden,

        Respondent-Appellee.

No. 14-6062
(D.C. No. 5:12-CV-00086-F)
(W.D. Okla.)

**ORDER**

Before **GORSUCH**, **EBEL**, and **MATHESON**, Circuit Judges.

This matter comes before the panel on Cleveland's petition for en banc
rehearing, construed as a petition for panel rehearing or for rehearing en banc. Upon
consideration of the petition, the panel grants rehearing in part, withdraws the Order
filed on June 3, 2014, and issues in its place the attached Order Denying Certificate
of Appealability and Denying Authorization to File Second or Successive Habeas
Application. The panel denies the petition for panel rehearing in all other respects.

The petition for rehearing en banc was transmitted to all of the judges of the
court who are in regular active service. As no judge in regular active service on the

court requested that the court be polled on the en banc request, the petition for rehearing en banc is denied.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

FILED
United States Court of Appeals
Tenth Circuit

June 30, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHRISTOPHER CLEVELAND,

        Petitioner-Appellant,

v.

KAMERRON HAVANEK, Warden,

        Respondent-Appellee.

No. 14-6062
(D.C. No. 5:12-CV-00086-F)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DENYING AUTHORIZATION TO FILE
SECOND OR SUCCESSIVE HABEAS APPLICATION**[*]

Before **GORSUCH**, **EBEL**, and **MATHESON**, Circuit Judges.

Christopher Cleveland is a state prisoner proceeding pro se. He pled nolo

contendere in 2007 in Oklahoma state court to two counts of child abuse involving

girls who were five and six years old at the time of the offenses in 2003. After an

unsuccessful direct appeal and denials of state post-conviction and habeas relief,

Cleveland filed a federal habeas application under 28 U.S.C. § 2254. The district

---

[*]    This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court denied the application, and this court denied a certificate of appealability

(COA). Cleveland now seeks to appeal the district court's denial in part and

dismissal in part of his motion filed under Fed. R. Civ. P. 60(b). Alternatively,

Cleveland seeks this court's authorization to file a second or successive habeas

application under 28 U.S.C. § 2254.

We deny a COA and dismiss this appeal. We also deny Cleveland's motion

for authorization to file a second or successive § 2254 habeas application.

## I.      Certificate of Appealability

Cleveland must obtain a COA to pursue an appeal. *See Montez v. McKinna*,

208 F.3d 862, 866-67 (10th Cir. 2000) (holding state prisoner must obtain COA to

appeal final order in habeas corpus proceeding); *Spitznas v. Boone*, 464 F.3d 1213,

1218 (10th Cir. 2006) (holding COA is required to appeal from denial of Rule 60(b)

motion in habeas case); *cf. United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir.

2008) (holding federal prisoner must obtain COA to appeal district court's dismissal

of unauthorized second or successive motion under 28 U.S.C. § 2255 for lack of

jurisdiction). Because the district court's rulings rested on procedural grounds,

Cleveland must show both "that jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right and that jurists of

reason would find it debatable whether the district court was correct in its procedural

ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We liberally construe

Cleveland's pro se application for a COA. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).

### A. Denial of Rule 60(b) Claims

The district court construed Cleveland's motion as bringing two claims under Rule 60(b). Finding these claims had no merit, it denied the motion. Cleveland argues error in only one of the district court's rulings.

In his § 2254 application, Cleveland had argued that his trial counsel provided ineffective assistance due to a conflict of interest in representing both Cleveland and his wife, who was his co-defendant. The district court first held this claim was subject to anticipatory procedural bar, *see, generally, Frost v. Pryor*, 749 F.3d 1212, 1231-32 (10th Cir. 2014) (discussing anticipatory procedural bar and exceptions thereto). It then rejected Cleveland's claim that he satisfied an exception to the anticipatory procedural bar, which allows a district court to consider a claim "if denying review would result in a fundamental miscarriage of justice because the petitioner has made a 'credible' showing of actual innocence," *id.* at 1231.

> To make a credible showing of actual innocence, a petitioner must support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. This new evidence must be sufficient to show that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence. This standard is demanding and permits review only in the extraordinary case.

*Id.* at 1231-32 (citations and internal quotation marks omitted).

- 3 -

Cleveland based his claim of actual innocence on two unsworn statements by the two children. One said in her statement that she was told if she lied about what Cleveland did, she would be rewarded. She claimed that everything said in court was a lie. The other child stated that Cleveland would never hurt her and that she had been told what to say in court.

In evaluating this claim, the district court noted that one of the children had testified at the preliminary hearing that Cleveland had whipped her with a belt, leaving bruises. The evidence also included photographs of contusions on the other child's face, arm, and back. And a forensic interviewer testified that both children told her that Cleveland had whipped them with a belt. Against this backdrop, the district court held that the statements did not make it more likely than not that no reasonable juror would have convicted Cleveland. It reasoned that, even if the children had retracted their earlier testimony and statements, a reasonable juror could still have legitimately believed their prior accounts. Nor did the affidavits account for the incriminating statements to the forensic examiner or the contusions found on one of the children.

Cleveland challenged this ruling in his Rule 60(b) motion. He submitted affidavits from the children that provided more detail about their claims that state officials told them to lie and had promised them rewards for doing so. The district court properly treated this contention as a Rule 60(b) claim. *See Spitznas*, 464 F.3d at 1216 (stating motion asserting error in habeas court's application of procedural bar

could be brought under Rule 60(b)). The court denied Cleveland's claim, holding that he had not met the high standard for a claim of actual innocence based on the evidence he presented in his Rule 60(b) motion.

Cleveland seeks a COA to appeal the district court's ruling on this Rule 60(b) claim. He asserts that, in denying his § 2254 habeas application, the district court erred by speculating about the meaning of the children's statements, rather than ordering an evidentiary hearing to obtain clarification. But when Cleveland submitted the statements to the district court, he did not request an evidentiary hearing. Nor did he request a hearing on the children's new statements in his objections to the magistrate judge's Report and Recommendation on his § 2254 application. *See Fairchild v. Workman*, 579 F.3d 1134, 1144 (10th Cir. 2009) (holding prisoner must properly request an evidentiary hearing in the district court); *Davis v. Workman*, 695 F.3d 1060, 1077 (10th Cir. 2012) (holding defendant forfeited claim of error in district court's failure to hold an evidentiary hearing by not seeking a hearing on a specific issue in his § 2254 proceeding).[1]

Cleveland also argues the district court erred by characterizing the victims' statements as "suspicious" and amounting to a recantation of their prior testimony and statements. He claims that the "children don't seem to be withdrawing or renouncing their allegation whatsoever," but instead state "what is far closer to the

---

[1] Cleveland did argue in his Rule 60(b) motion that a hearing on his actual innocence claim was mandated, but he does not argue any error in the district court's failure to hold a hearing at that time.

truth of the case." Aplt. Br. at 6. The only basis, however, for Cleveland to argue actual innocence is to rely on the alleged victims' statements as recanting their previous testimony. We conclude that jurists of reason would not find the correctness of the district court's procedural ruling debatable.

**B.      Dismissal of Unauthorized Second or Successive § 2254 Claims**

The district court construed the remaining claims in Cleveland's motion as asserting ineffective assistance based on his trial counsel's failure to investigate his case; identify the acts and omissions of state actors; be knowledgeable about child witnesses; hire an expert in child witness credibility issues; and object to certain questioning of the children by the attorney appointed to represent them. Because these claims attempted to assert or reassert federal bases for relief from Cleveland's underlying conviction, the court treated them as an unauthorized second or successive § 2254 habeas application and dismissed them for lack of jurisdiction. *See Spitznas*, 464 F.3d at 1215-16; *In Re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

Cleveland also argues the district court erred in holding that one of his claims could not be brought under Rule 60(b). He points to his contention that the children's testimony was tainted, coerced, and coached by state actors, resulting in fabricated allegations against him. Cleveland maintains this is not a second or successive habeas claim because he is asserting fraud and misconduct.

We have said that an allegation of "fraud or other defect in the integrity of the *federal habeas proceeding*" may be addressable in a Rule 60(b) motion. *Spitznas*, 464 F.3d at 1216 (emphasis added). But whether Cleveland is asserting fraud or misconduct on the part of state officials, or is instead claiming ineffective assistance based on his counsel's failure to uncover the fraud or misconduct, he is not alleging any fraud or other defect in the integrity of his § 2254 proceeding. Rather, Cleveland's claims are a merits-based attack on his state conviction. *See Berryhill v. Evans*, 466 F.3d 934, 937 (10th Cir. 2006) (holding claims of fraud in sentencing court and on direct appeal necessarily attacked the state court judgment and were second or successive). Reasonable jurists would not debate the correctness of the district court's dismissal of these claims as an unauthorized second or successive § 2254 habeas application.

**II.     Motion For Authorization to File Second or Successive § 2254 Application**

Cleveland also moves for authorization to file a second or successive § 2254 habeas application. His habeas application cannot proceed in the district court without first being authorized by this court. *See* 28 U.S.C. § 2244(b)(3). We may authorize a claim only if the prisoner has not raised it in a previous § 2254 habeas application. *See id.* § 2244(b)(1). We may not authorize a new claim unless it satisfies one or both of the requirements specified in § 2244(b)(2). A new claim must rely (1) "on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (2) on facts that

"could not have been discovered previously through the exercise of due diligence" and that "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.* § 2244(b)(2)(A)-(B).

Cleveland does not assert that his claims rely on a new rule of constitutional law. He maintains that he has new evidence that he is actually innocent of the child abuse charges and that his trial counsel provided ineffective assistance. Cleveland argues that fraud and misconduct by state actors, including employees of the Department of Human Services, investigators, police, judges, and the attorney representing the alleged victims, produced false allegations against him. He also asserts that his defense attorney was ineffective (1) based upon his conflict of interest in representing both Cleveland and his wife; (2) in failing to investigate the state actors' conduct, allowing a flawed investigation and prosecution; and (3) in allowing Cleveland to plead guilty to the false accusations.

First, we may not authorize Cleveland's ineffective assistance claim based on his counsel's conflict of interest because he raised that claim in his first § 2254 application. Cleveland says his other two claims rely on new, updated and detailed affidavits by the alleged child victims and his wife regarding the misconduct of state actors at the time of the offenses. Citing numerous books and articles published in the 1980s and 1990s, he also claims he has new evidence of research and studies related to child testimony. To the extent he is presenting "facts," Cleveland does not

explain why they "could not have been discovered previously through the exercise of due diligence." 28 U.S.C. § 2244(b)(2)(B). He therefore fails to demonstrate a basis for this court to authorize the filing of a second or successive § 2254 habeas application.

## III.    Conclusion

Accordingly, we deny Cleveland's motion for authorization. This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." *Id.* § 2244(b)(3)(E). We also deny a COA and dismiss Cleveland's appeal. We grant Cleveland's motion to proceed on appeal without prepayment of costs and fees.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk