FILED
United States Court of Appeals
Tenth Circuit

August 6, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FARAMARZ MEHDIPOUR,

     Petitioner - Appellant,

v.

RICK WHITTEN, Warden,

     Respondent - Appellee.

No. 20-6030
(D.C. No. 5:19-CV-00206-C)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **HARTZ**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Applicant Faramarz Mehdipour, an Oklahoma state prisoner proceeding pro se,

requests a certificate of appealability (COA) to challenge the district court's dismissal of

his 28 U.S.C. § 2254 application for lack of jurisdiction. *See* 28 U.S.C. § 2253(c)(1)(A)

(requiring a COA for a prisoner in state custody to appeal from denial of relief under

§ 2254). We deny a COA and dismiss the appeal.

In 1996 Applicant was convicted by an Oklahoma jury of attempting to intimidate

a State's witness, in violation of 21 Okla. Stat. § 455 (1991), and sentenced to 60 years'

---

* This order is not binding precedent except under the doctrines of law of the case, res
judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment.  On direct appeal the Oklahoma Court of Criminal Appeals (OCCA) described the facts underlying the offense as follows:

> On July 11, 1991, Mehdipour approached Darrel Council outside an Oklahoma County District Court courtroom. Council was supposed to testify against Chester Bruce, a friend of Mehdipour's, in a drug case. Mehdipour called Council a snitch and threatened to harm him if he testified against Bruce. When Council moved into a hallway Mehdipour followed him and repeated the threats. As a result of the threats Council became scared and nervous, and he was not called to testify.

*Mehdipour v. State*, 956 P.2d 911, 913 (Okla. Crim. App. 1998).  The OCCA affirmed the conviction, the United States District Court for the Western District of Oklahoma denied Applicant's application for relief under § 2254, and we denied a COA.  Applicant later filed several unsuccessful § 2254 applications.

In 2018 Applicant moved for authorization from our court to file a second or successive § 2254 application.  *See* 28 U.S.C. § 2244(b)(3)(A) (requiring applicants to obtain circuit-court authorization to file a second or successive § 2254 application).  Although he raised various claims, we granted authorization to raise only a claim that but for unconstitutional prosecutorial misconduct no reasonable jury would have found him guilty of the state offense.  *See Case v. Hatch*, 731 F.3d 1015, 1027–28 (10th Cir. 2013) (applicants must make a prima facie showing to the circuit court that applicant is reasonably likely to satisfy requirements of 28 U.S.C. § 2244(b)(2) for filing a second or successive application).  To support his claim Applicant relied on two witness statements that we said could have been newly discovered evidence:  (1) a 2006 statement by Mr.

Council,[1] which recanted his trial testimony that Applicant had intimidated him and said that the prosecution had pressured him to testify falsely; and (2) a 2018 statement by Diana White, a friend of Mr. Council's, which said that in 2006 he had given her the affidavit and asked her to give it to Applicant but, through forgetfulness, she had neglected to do so until 2018. *See United States v. Vaziri*, 164 F.3d 556, 563 (10th Cir. 1999) ("A conviction obtained by the introduction of perjured testimony violates due process if (1) the prosecution knowingly solicited the perjured testimony or (2) the prosecution failed to correct testimony it knew was perjured."). We said that Applicant had made a prima facie showing that he could satisfy both elements of § 2244(b)(2)(B)[2] for this claim, warranting preliminary authorization to file a second or successive habeas application on the claim. *See Hatch*, 731 F.3d at 1028 (our "first gate" review is only a "preliminary determination" of "possible merit to warrant a fuller exploration by the district court" (internal quotation marks omitted)).

---

[1] Applicant represented in his motion for authorization that Mr. Council had died in 2006 or 2007.

[2] § 2244(b)(2)(B) states:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

After Applicant filed his authorized § 2254 application, a magistrate judge conducted a review. *See Ochoa v. Sirmons*, 485 F.3d 538, 543 (10th Cir. 2007) (per curiam) ("[I]t is for the district court, under § 2244(b)(4), to confirm that the petition does, in fact, satisfy the requirements of § 2244(b) when it hears the case . . . ." (brackets and internal quotation marks omitted)). The judge concluded that Applicant had not shown that the factual predicate for his claim could not have been discovered earlier even if he had exercised due diligence, *see* § 2244(b)(2)(B)(i), and recommended that the district court dismiss the application for lack of jurisdiction, *see Hatch*, 731 F.3d at 1027 ("Section 2244[(b)]'s gate-keeping requirements are jurisdictional in nature . . . ."). The magistrate judge reasoned "that a reasonable person in [Applicant]'s position - knowing that Council lied, knowing that the district attorney was involved in the situation, and suspecting that the prosecution had manufactured the evidence against him - would have had ample reason to investigate possible prosecutorial coercion." R., Vol. I at 734. The district court adopted the recommendation and dismissed the application.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural

4

grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Applicant presents no reasoned response to the district court's ruling. In his appellate brief he does not mention anything he did during the more than 20 years after his trial to determine whether Mr. Council, whom he presumably knew had been lying all along, had been coerced by the prosecution to testify falsely. Instead, he argues simply that he could not have discovered any prosecutorial misconduct because the only people who knew about it were state actors deliberately keeping the facts from him. But he apparently forgot that the evidence he *does* have did not come from state officials. And this court has previously held in similar circumstances that the prisoner had not exercised due diligence, *see Barrientez v. Martin*, 778 F. App'x 614, 615–16 (10th Cir. 2019); *Cleveland v. Havanek*, 569 F. App'x 636, 638, 640–41 (10th Cir. 2014),[3] as have other circuits, *see Morales v. Ornoski*, 439 F.3d 529, 532–33 (9th Cir. 2006) (per curiam); *cf. Ford v. Gonzalez*, 683 F.3d 1230, 1234, 1236–37 (9th Cir. 2012) (assessing "due diligence" under § 2244(d)(1)(D)); *Melson v. Allen*, 548 F.3d 993, 1000 (11th Cir. 2008)

---

[3] The unpublished opinions are cited for their persuasive value only. *See* 10th Cir. R. 32.1(A).

(same), *vacated on other grounds*, *Melson v. Allen*, 561 U.S. 1001 (2010). No reasonable jurist could debate the district court's dismissal of Applicant's § 2254 application.

Applicant nevertheless argues that the district court applied an excessively rigid due-diligence standard and that he is automatically entitled to a COA because, by virtue of our grant of preliminary authorization for him to file his second or successive application, it is self-evident that the issue is reasonably debatable and therefore worthy of a COA. But the district court applied the correct standard, and our preliminary authorization applied a standard more lenient than that for granting a COA. Finally, Applicant argues that we should apply an equitable exception to avoid a miscarriage of justice. He appears to be invoking the actual-innocence exception to procedural defaults. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). But Applicant cannot rely on the exception because *McQuiggin* recognized that a prisoner pursuing a second or successive application invoking the exception must satisfy the due-diligence requirement of § 2244(b)(2)(B). *See id.* at 396; *United States v. Springer*, 875 F.3d 968, 976–77 (10th Cir. 2017) (same); *Gage v. Chappell*, 793 F.3d 1159, 1167–69 (9th Cir. 2015) (same).

We **DENY** a COA and **DISMISS** the appeal. We **DENY** Applicant's motion to proceed *in forma pauperis*.

Entered for the Court


Harris L Hartz
Circuit Judge


6