NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID CHARLES THATCHER,

Movant,

v.

DAVE DAVEY, Warden,

Respondent.

No.   15-72750

MEMORANDUM[*]

Motion for Authorization to File a Second or Successive
Petition Under 28 U.S.C. § 2254

Argued and Submitted July 11, 2023
San Francisco, California

Before:  BEA, BENNETT, and H.A. THOMAS, Circuit Judges.

David Charles Thatcher ("Thatcher") moves a second time for authorization from this court to file a second or successive habeas petition. Thatcher's proposed second or successive habeas petition raises five claims for relief based on purportedly newly discovered evidence that he claims proves his innocence of the three robberies of which he was convicted. Because the parties are familiar with the facts of this case, we do not recite them here. We have jurisdiction pursuant to 28

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

U.S.C. § 2244(b)(3). We deny Thatcher's motion.[1]

For Thatcher to be entitled to file a second or successive habeas petition, he must demonstrate that he had not raised his current claims of constitutional error in a prior habeas petition.[2] *Balbuena v. Sullivan*, 980 F.3d 619, 634 (9th Cir. 2020) (citing 28 U.S.C. § 2244(b)(1)). Because his present motion relies on purportedly newly discovered evidence, Thatcher must show that he could not have discovered that new evidence previously through the exercise of due diligence. *Brown v. Muniz*, 889 F.3d 661, 668 (9th Cir. 2018). Further, Thatcher must make a prima facie showing that the "newly discovered evidence [] shows a high probability of actual innocence." *Balbuena*, 980 F.3d at 634–35. A movant satisfies his prima facie burden of proving that his claims meet § 2244(b)'s gatekeeping requirements if he makes "a sufficient showing of possible merit to warrant a fuller exploration by the district court." *Woratzeck v. Stewart*, 118 F.3d 648, 650 (9th Cir. 1997) (per curiam) (internal quotation omitted).

Thatcher's proposed second or successive habeas claims were not presented in his prior federal habeas petition that had been denied as time-barred. Nevertheless, all of the purportedly newly discovered evidence Thatcher now raises

---

[1] We **GRANT** Thatcher's unopposed motion to take judicial notice of the court records from his direct appeal and prior attempts to obtain post-conviction relief. *United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018).

[2] Under § 2244(b)(1), only claims for relief presented in federal habeas petitions that are actually filed in a district court constitute claims that were previously raised. *See Martinez v. Shinn*, 33 F.4th 1254, 1262–64 (9th Cir. 2022).

was available to him had he exercised due diligence.[3]

Thatcher's newly obtained evidence related to his purported accomplices, Leonel Palafox and Freddy Patino, could have been obtained earlier. Because Mr. Palafox was repeatedly identified as an accomplice, Thatcher was on notice to investigate what evidence this "key player[]" could have provided. *Morales v. Ornoski*, 439 F.3d 529, 533 (9th Cir. 2006). Through an exercise of due diligence, Thatcher could have interviewed Mr. Palafox in preparation for trial or in the six years prior to the filing of his initial habeas petition. *Id.* Similarly, the newly discovered evidence related to Mr. Patino's failure to recall the robberies and his heavy drug use was available before Thatcher's trial in the form of Mr. Patino's recorded police interrogation. In fact, Thatcher's trial counsel referred to this interrogation during his cross-examination of Mr. Patino. Because the police interrogation was adduced at Thatcher's trial, any amount of due diligence would have enabled Thatcher to obtain the purportedly newly discovered evidence regarding Mr. Patino in time to be presented timely in a first habeas petition. *Jones v. Ryan*, 733 F.3d 825, 844–45 (9th Cir. 2013).

Ellen Greer, Thatcher's newly identified alibi witness, declared that Thatcher

---

[3] Thatcher pursued his direct appeal with counsel and had six years to investigate any habeas claims during the time between his conviction and the filing of his initial habeas petition. The access to counsel and the several years during which an investigation could have been conducted support our determination that Thatcher had plenty of opportunities to develop his claims and to obtain the purportedly newly discovered evidence he now raises.

knew of Ms. Greer's exculpatory evidence before his trial. Thatcher's failure to raise this evidence earlier, even though he had actual knowledge of its existence before his trial, does not constitute due diligence. *Id.* And while Glory Slayton purportedly lied on the stand about her sobriety on the morning of the third robbery, Thatcher's trial counsel, during cross-examination, alerted Thatcher to the fact that Ms. Slayton was known to imbibe. Thatcher's counsel's cross-examination of Ms. Slayton put Thatcher on notice that he should investigate Ms. Slayton's drinking habits and the reliability of her eyewitness testimony. *Ford v. Gonzalez*, 683 F.3d 1230, 1236 (9th Cir. 2012). The fact that he did not timely do so before his first petition was a failure to exercise due diligence. *Id.* Finally, David Segura's declaration could have been obtained earlier given Mr. Segura was mentioned by the police at Thatcher's pretrial hearing. In not investigating a potential witness, Thatcher failed to exercise due diligence. *Solorio v. Muniz*, 896 F.3d 914, 921 (9th Cir. 2018).

Because Thatcher's purportedly newly discovered evidence could have been obtained earlier by exercising due diligence, he is not entitled to file his proposed second or successive habeas petition under § 2244. *King v. Trujillo*, 638 F.3d 726, 732 (9th Cir. 2011) (per curiam).

**MOTION DENIED.**[4]

---

[4] No petition for rehearing, motion for reconsideration, or request for similar relief shall be filed or entertained in this case. 28 U.S.C. § 2244(b)(3)(E).

4