**William Lyle WORATZECK, Petitioner,**

v.

**Terry L. STEWART, Director, Department of Corrections, Respondent.**

**No. 97–80296.**

United States Court of Appeals, Ninth Circuit.

Submitted June 24, 1997.[*]

Decided June 24, 1997.

10. The United States acceded to the Protocol in 1968.

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34–4.

David J. Burman, Ruth Todd Chattin, and Susan Fahringer, Perkins Coie, Seattle, WA, for petitioner.

Paul J. McMurdie, Chief Counsel, Office of the Attorney General, Criminal Appeals Section, Phoenix, AZ, for respondent.

Before: WALLACE, FARRIS, and BOOCHEVER, Circuit Judges.

PER CURIAM.

Woratzeck, an Arizona state prisoner sentenced to death tomorrow morning at 12:05 a.m., seeks permission to file a successive petition for habeas corpus in the district court. The Supreme Court of Arizona denied all relief this afternoon, June 24, 1997. We now have jurisdiction under 28 U.S.C. § 2244, and we deny his motion.

## I

We previously detailed the crimes for which Woratzeck was convicted, and need not do so again here. *See Woratzeck v. Stewart,* 97 F.3d 329 (9th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1443, 137 L.Ed.2d 549 (1997). Woratzeck filed this motion on June 20, 1997. Thus, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Act) apply.

 Before filing a successive petition in the district court, 28 U.S.C. § 2244(b)(3) requires Woratzeck to make a "prima facie showing" to this court that his petition would satisfy section 2244(b)(2). The Seventh Circuit recently discussed this ambiguous standard:

> By "prima facie showing" we understand [it to be] simply a sufficient showing of possible merit to warrant a fuller exploration by the district court.... If in light of the documents submitted with the application it appears reasonably likely that the application satisfies the stringent requirements for the filing of a second or successive petition, we shall grant the application.

*Bennett v. United States,* 119 F.3d 468, 469 (7th Cir.1997). We agree with the Seventh Circuit's interpretation of "prima facie showing." If Woratzeck's application makes a prima facie showing as to one of the claims, he may proceed upon his entire application in the district court. *See* 28 U.S.C. § 2244(b)(4); *Nevius v. McDaniel,* 104 F.3d 1120, 1121 (9th Cir.1996) ("[T]he proper procedure under the [Act] is for this court to authorize the filing of the entire successive application.").

Section 2244(b)(2) requires dismissal of a successive petition unless:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in the light of the evidence

as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

Woratzeck does not assert that a "new rule of constitutional law" requires reversal of his sentence, so we focus solely upon section 2244(b)(2)(B).

## II

■ Woratzeck argues that crime scene evidence (the victim's nightgown, Woratzeck's shirt, pants, and boots), long thought destroyed, may still exist. He asserts that this evidence, which the State used to convict him, will now exonerate him because of advances in DNA technology. Under section 2244(b)(2)-(3), Woratzeck must make a prima facie showing that he could not have discovered previously the factual predicate for his claim through the exercise of due diligence.

Woratzeck contends that his counsel, Kevin Hamilton, asked the Pinal County Clerk's Office for permission to test the crime scene evidence years ago, but a person in the clerk's office told him that the evidence was destroyed. On May 13, 1997, Ruth Todd Chattin, another member of Woratzeck's defense team, visited the Pinal County Courthouse to inspect any remaining evidence. When Doedy Arnold, the court clerk, retrieved Woratzeck's file, she noticed a paper attached to the front of the file stating: "By Order of Judge Bean 4/15/88 Do Not Shred or Destroy Exhibits." Chattin asked Arnold to look for the crime scene evidence. Arnold searched the courthouse for an hour, but found nothing. Arnold told Chattin that the crime scene evidence probably existed because there was no order permitting the destruction or release of the evidence.

On May 30, 1997, Chattin met with Arnold, Denise Sowers (Ms. Arnold's supervisor), Leonard Sowers (from the county attorney's office), and Galen Wilkins (from the State Attorney General's office). At that meeting, Arnold explained that she and Sowers continued to look for the missing crime scene evidence. They found a box bearing Worat-

zeck's case name and number, but it did not contain the missing evidence. Inside the box was an envelope containing a card that read in part: "(All other exhibits are either filmable or released/destroyed) L.J.S. 12–30–87," and "I did not have access to complete file to investigate." Sowers and Arnold surmised that the initials were those of Lennie Sepulveda, a former court employee. Sowers and Arnold believed that the sentence "All other exhibits are either filmable or released/destroyed" meant that the missing crime scene evidence had in fact been destroyed.

Sowers and Arnold also checked the outside of other evidence boxes located in the evidence vault, but none bore Woratzeck's name or case number. They did not open each box to verify its contents. It is also unclear whether they inspected a storage area where the court keeps office equipment and some older case materials.

Woratzeck must make a prima facie showing that this evidence exists, and that it would exonerate him under the stringent standard of section 2244(b)(2). While Woratzeck's investigation uncovered initial confusion in the clerk's office, it did not uncover any proof that the crime scene evidence still existed. After reviewing the declarations filed with this motion, we conclude that Woratzeck has failed to establish the requisite prima facie case that the evidence still exists. Woratzeck's speculation, without more, does not make it "reasonably likely that [his] application satisfies the stringent requirements for the filing of a second or successive petition." *Bennett,* 119 F.3d at 469–70. Since Woratzeck has failed to make a prima facie showing that this evidence exists, we must reject this claim.

## III

■ Woratzeck next asserts that even if the evidence was destroyed, he still has a claim under *Arizona v. Youngblood,* 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988). In *Youngblood,* the Court held that, absent bad faith on the government's part, the loss of potentially exculpatory evidence does not violate the Constitution. *Id.* at 58, 109 S.Ct. at

337–38. Under section 2244(b)(2)(B)(i), we inquire as to whether Woratzeck has made a prima facie showing that he exercised due diligence in uncovering the factual predicate for this claim. While Woratzeck recently learned that the evidence may exist, he has known about its (possible) destruction for several years. Indeed, the card which appears to state the evidence was destroyed was dated three months before Woratzeck's third petition in the state court. He has failed to show why he could not have raised this issue previously. Thus, Woratzeck cannot make a prima facie showing of due diligence for this claim, and the Act forecloses it.

## IV

■ Next, Woratzeck argues that the jury foreman, Scott Holzhauser, served as a "witness" while the jurors were deliberating. According to Woratzeck's counsel, Holzhauser recently admitted that he has a PhD and could not explain why the juror data sheet stated he had 16 years of education. Holzhauser also stated to counsel that while the jury was deliberating, he stated that the State's fiber expert was not properly explaining the tests. From three other jurors, counsel was advised that the expert said that the trailer fibers were "similar" to those found on Woratzeck, but Holzhauser stated to his fellow jurors that, based on his experience with infra-red spectrophotometry, the fibers were as reliable as finding Woratzeck's fingerprints at the crime scene.

Again, we first must decide whether Woratzeck has made a prima facie showing that he could not have uncovered this evidence through the previous exercise of due diligence. Woratzeck asserts that his previous counsel tried to interview previous jurors, but they refused to talk to him. However, the jurors' refusal to talk to one lawyer does not establish a prima facie case of due diligence. Woratzeck has had more than fifteen years to uncover this claim, and has not shown how "due diligence" *could* not have uncovered this evidence. Woratzeck has failed to make a prima facie showing of due diligence.

## V

■ Woratzeck next argues that his execution violates the Eighth Amendment because the issuance of the death warrant in his case, as opposed to the other more violent death row cases, is "freakish and wanton" in violation of *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). He cites the dissent in *Jeffers v. Lewis,* 38 F.3d 411, 425–26 (9th Cir.1994), *cert. denied,* 514 U.S. 1071, 115 S.Ct. 1709, 131 L.Ed.2d 570 (1995), for support.

If Woratzeck's death sentence does not violate the Eighth Amendment, then neither does the scheduling of his execution. Arizona must establish some order of execution. There has been no prima facie showing that this scheduling violates the Eighth Amendment.

It may be that Woratzeck's contention is in essence that his execution violates the Equal Protection Clause. Essentially, he argues that Arizona unfairly singled him out for execution. In other Equal Protection Clause cases, the Supreme Court has rejected a "singling out" argument. *See Railway Express Agency v. New York,* 336 U.S. 106, 110, 69 S.Ct. 463, 466, 93 L.Ed. 533 (1949) ("It is no requirement of equal protection that all evils of the same genus be eradicated or none at all."); *cf. New York City Transit Authority v. Beazer,* 440 U.S. 568, 587–88, 99 S.Ct. 1355, 1367, 59 L.Ed.2d 587 (1979) ("[o]nly when a governmental unit adopts a rule that has a special impact on less than all the persons subject to its jurisdiction does the question whether [the Equal Protection Clause] is violated arise"). Because Arizona permissibly sentenced Woratzeck to death, it has a rational basis for executing him. Thus, Woratzeck has failed to make a prima facie showing of a violation of equal protection. If Arizona had issued the death warrant in Woratzeck's case because of his race, religion, or sex, Woratzeck might have had a constitutional claim. But Woratzeck makes no such allegation, so we do not reach that question.

## VI

■ Last, Woratzeck argues that the involvement as prosecutors in the clemency

hearing of two of his prior lawyers presents a constitutional conflict of interest. While their involvement in the clemency hearing may violate ethical rules, this claim is not cognizable under the Act. There is no constitutional right to a clemency hearing. *See Connecticut Bd. of Pardons v. Dumschat,* 452 U.S. 458, 464, 101 S.Ct. 2460, 2464, 69 L.Ed.2d 158 (1981) ("Unlike probation, pardon and commutation decisions have not traditionally been the business of the courts; as such, they are rarely, if ever, appropriate subjects for judicial review.... [A]n inmate has no 'constitutional or inherent right' to commutation of his sentence."); *see Joubert v. Nebraska Bd. of Pardons,* 87 F.3d 966, 968 (8th Cir.) ("It is well-established that prisoners have no constitutional or fundamental right to clemency."), *cert. denied,* —— U.S. ——, 117 S.Ct. 1, 135 L.Ed.2d 1097 (1996).

Since there is no constitutional right to clemency, and because clemency does not depend upon actual innocence, we hold that Woratzeck's clemency claim is not cognizable in a successive petition under the Act. *See Hatch v. Oklahoma,* 92 F.3d 1012, 1016 (10th Cir.1996). Thus, Woratzeck has failed to make a prima facie showing on his clemency claim.

Whether Woratzeck can raise this issue under 42 U.S.C. § 1983 is not before us.

MOTION DENIED.