**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOMINIC DEAN ADAMS, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | No. 13-72158 <br><br><br> ORDER* |

Application to File Second or Successive
Petition Under 28 U.S.C. § 2255

Argued and Submitted July 7, 2014
San Francisco, California

Before:  FERNANDEZ, N.R. SMITH, and CHRISTEN, Circuit Judges.

Dominic Dean Adams is a federal prisoner who pleaded guilty to two counts

of murder and to two counts of assaulting a federal detention officer.  Adams was a

minor when he committed these crimes.  He was sentenced to consecutive prison

terms of 396 months for the murder charges and 120 months for the assault

charges—43 years total.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

In 2013, the district court denied Adams's two substantially identical pro se motions under 28 U.S.C. § 2255. Adams has now filed an application for leave to file a second or successive § 2255 motion to vacate, set aside, or correct his sentence. We have jurisdiction under 28 U.S.C. § 2255(h).

We may grant authorization to file a second or successive § 2255 motion if the application makes a prima facie showing that the motion contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2); *id.* § 2244(b)(3)(C). A prima facie showing means "a sufficient showing of possible merit to warrant a fuller exploration by the district court." *Woratzeck v. Stewart*, 118 F.3d 648, 650 (9th Cir. 1997) (per curiam) (quoting *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997)).

Adams contends that his sentence is contrary to *Miller v. Alabama*, 132 S. Ct. 2455 (2012), which held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Id.* at 2460. Even assuming that *Miller* announced a new, retroactive rule, Adams's application would fail because *Miller* is inapplicable to Adams's case. Hence, we need not decide whether *Miller* is retroactive.

2

*Miller* is inapplicable because Adams "was not sentenced to life without the possibility of parole pursuant to a mandatory sentencing scheme." *See Bell v. Uribe*, 748 F.3d 857, 869 (9th Cir. 2013). The transcript of Adams's sentencing hearing demonstrates that the district court exercised its sentencing discretion after considering several mitigating and aggravating factors; it weighed Adams's "deplorable childhood" against his prior criminal history and his "total indifference to life." *See id.* at 870 ("Because the sentencing judge did consider both mitigating and aggravating factors under a sentencing scheme that affords discretion and leniency, there [was] no violation of *Miller*."). Accordingly, Adams fails to make "a sufficient showing of possible merit to warrant a fuller exploration by the district court." *See Woratzeck*, 118 F.3d at 650 (citation omitted).

The application to file a second or successive motion under § 2255 is **DENIED**.