**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10100 |
| Plaintiff - Appellee, | D.C. No. 2:99-cr-00433-WBS-GGH-1 |
| v. | |
| JOHN THAT LUONG, aka Ah Sing, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10116 |
| Plaintiff - Appellee, | D.C. No. 2:99-cr-00433-WBS-GGH-7 |
| v. | |
| HOANG AI LE, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10126 |
| Plaintiff - Appellee, | D.C. No. 2:99-cr-00433-WBS-GGH-4 |
| v. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

THONGSOUK THENG
LATTANAPHON,

        Defendant - Appellant.

---

UNITED STATES OF AMERICA,        No. 11-10097

        Plaintiff - Appellee,        D.C. No. 2:99-cr-00433-WBS-GGH-2

  v.

MINH HUYNH,

        Defendant - Appellant.

Appeals from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Argued and Submitted April 13, 2015
San Francisco, California

Before: KOZINSKI and GRABER, Circuit Judges, and PONSOR,[**] Senior
District Judge.

    Defendants were charged with and convicted of several counts of conspiracy

to commit robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a), and related

violations of 18 U.S.C. § 924. Each was convicted and sentenced to various terms

of imprisonment. Defendants appeal their judgments of conviction and their

---

    [**] The Honorable Michael A. Ponsor, Senior United States District Judge
for the District of Massachusetts, sitting by designation.

sentences. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand for resentencing.

1. The district court properly denied Defendants' motion to dismiss the indictment on Sixth Amendment grounds. Under our later-decided precedent, the court erred by declining to consider any method other than "absolute disparity" to assess the representativeness of the grand jury venire. United States v. Hernandez-Estrada, 749 F.3d 1154 (9th Cir.) (en banc), cert. denied, 135 S. Ct. 709 (2014). But Defendants failed to satisfy their burden, under Duren v. Missouri, 439 U.S. 357, 364 (1979), to show that any underrepresentation that existed in the grand jury venire was "due to systematic exclusion of the group in the jury-selection process." See also Hernandez-Estrada, 749 F.3d at 1166 (requiring a defendant to produce "sufficient evidence 'linking sole reliance on voter registration lists for jury selection to current systematic exclusion of [distinctive groups] in the [relevant district]'" (first alteration in original) (quoting United States v. Rodriguez-Lara, 421 F.3d 932, 945 (9th Cir. 2005))). Defendants' fair-cross-section argument therefore fails.

2. The district court also properly denied Defendants' motion to dismiss the indictment on Fifth Amendment grounds. There was no equal protection violation because Defendants are not members of the allegedly excluded groups. United

3

States v. Esquivel, 88 F.3d 722, 725 (9th Cir. 1996).  Defendants also failed to show discriminatory intent in the jury-selection process.  Id.

3.  There was no constructive amendment to Count 3 of the indictment.  The instruction that the district court gave was proper under 18 U.S.C. § 1111(a) and our decision in United States v. Chischilly, 30 F.3d 1144, 1159–60 (9th Cir. 1994), overruled in part on other grounds by United States v. Preston, 751 F.3d 1008 (9th Cir. 2014) (en banc).

4.  We need not decide whether intangible property can be the subject of Hobbs Act robbery.  Even if it cannot, the district court's error was harmless beyond a reasonable doubt because Defendants took or conspired to take tangible personal property (keys) that was sufficiently connected to interstate commerce to establish Hobbs Act jurisdiction.  See Stirone v. United States, 361 U.S. 212, 215 (1960) (noting that interference with interstate commerce in violation of the Hobbs Act can occur "in any way or degree"); United States v. Atcheson, 94 F.3d 1237, 1243 (9th Cir. 1996) (holding that, to support a conviction under the Hobbs Act, the government need only show that a defendant's conduct had a de minimis effect on interstate commerce).  The district court did not commit instructional error, and there was no constructive amendment to Counts 1 or 8 or the indictment.  Accordingly, Defendants' convictions on Counts 2, 3, and 9 stand.

4

5. The district court properly exercised its discretion when it denied Defendants' motion for a mistrial arising from alleged prosecutorial misconduct. The record does not support the allegation of misconduct. In any event, the prosecutor's statements, which were isolated and exhibited no intent to attack the integrity of defense counsel, did not result in prejudice. Cf. Bruno v. Rushen, 721 F.2d 1193, 1194 (9th Cir. 1983) (per curiam).

6. The district court did not err when it imposed life sentences with respect to Count 3 of the indictment. Notwithstanding the fact that Count 1 did not charge first-degree murder, the jury was required to find, to support the § 924(c) convictions, that Defendants had committed that underlying offense. The government need only prove the commission of the underlying felony; it need not also charge the defendant accordingly. United States v. Hunter, 887 F.2d 1001, 1003 (9th Cir. 1989) (per curiam).

7. The district court did not err, procedurally or substantively, when it imposed Defendant Lattanaphon's life sentence. The record supports the district court's factual finding that Lattanaphon shot the victim intentionally and in the absence of a struggle. The court properly considered those circumstances, together with Lattanaphon's age and the circumstances of his upbringing, to impose a

within-guidelines sentence. The sentence, which was not mandatory, does not violate the Eighth Amendment. Miller v. Alabama, 132 S. Ct. 2455, 2469 (2012).

8. We decline to consider Defendant Le's argument that his sentences on Counts 8 and 9 violate the Fifth Amendment's protection against double jeopardy, because the argument is barred by the law-of-the-case doctrine. In an earlier appeal, a different panel of this court held that there was no double jeopardy violation. United States v. Luong, 393 F.3d 913, 917 (9th Cir. 2004).

9. At oral argument, the government conceded that it was error to impose consecutive sentences on Counts 2 and 3. We therefore remand to the district court with instructions to vacate the convictions (and sentences) corresponding to Count 2. Because vacatur of the first § 924(c) conviction affects the treatment of any "second or subsequent" § 924(c) convictions, see 18 U.S.C. § 924(c)(1) (1994), the district court should also vacate the sentence that Defendant Luong received on Count 5 and resentence Luong accordingly. Under the statute, Luong should be sentenced to five years' imprisonment for his first violation of § 924(c) (Count 5) and twenty years' imprisonment only for "second or subsequent" violations of § 924(c) (Counts 7 and 9). See id.

**AFFIRMED in part; REVERSED in part; and REMANDED.**