**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 19 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS A GURRY, | No. 18-73394 |
| Applicant, | |
| v. | |
| | ORDER* |
| RENEE BAKER, Warden, | |
| Respondent. | |

Application to File Second or Successive
Petition Under 28 U.S.C. § 2254

Submitted April 14, 2020**
San Francisco, California

Before: PAEZ and CLIFTON, Circuit Judges, and HARPOOL,*** District Judge.

Carlos Gurry applies under 28 U.S.C. § 2244(b) for authorization to file a

second or successive 28 U.S.C. § 2254 habeas corpus petition in the district court.

In his proposed habeas petition, Gurry alleges a claim of unconstitutional risk of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

judicial bias by the judge who presided over his trial on charges of attempted bank robbery and the killing of an off-duty FBI agent. As described in the petition, the victim FBI agent previously had investigated the judge for possible criminal acts before his judicial appointment. Gurry's codefendant, Jose Echavarria, raised this same claim in his first § 2254 habeas petition. We recently held that this risk of judicial bias violated Echavarria's due process rights to a fair trial and reversed the district court's denial of habeas relief. *See Echavarria v. Filson*, 896 F.3d 1118 (9th Cir. 2018). Gurry, having already submitted an initial § 2254 habeas petition, now seeks leave to pursue that same claim in a second or successive petition. For the reasons discussed below, we deny the application.

To obtain authorization, Gurry must make a "prima facie showing" of 28 U.S.C. § 2244(b)'s gatekeeping requirements. 28 U.S.C. § 2244(b)(3)(C); *see also Thompson v. Calderon*, 151 F.3d 918, 925 (9th Cir. 1998) (quoting *Woratzeck v. Stewart*, 118 F.3d 648, 650 (9th Cir. 1997)) (explaining that a "prima facie showing" is "a sufficient showing of possible merit to warrant a fuller exploration by the district court"; it must be "reasonably likely" that the application satisfies 28 U.S.C. § 2244(b)'s requirements).

Because Gurry's application relies on new evidence, authorization is warranted only if he preliminarily shows:

> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

2

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(B). We do not address the first requirement, as Gurry is unable to satisfy the second, which requires him to show, by clear and convincing evidence, that he is actually innocent. *See Brown v. Muniz*, 889 F.3d 661, 674–75 (9th Cir. 2018), *cert. denied sub nom. Brown v. Hatton*, 139 S. Ct. 841 (2019); *Gage v. Chappell*, 793 F.3d 1159, 1166 (9th Cir. 2015). Errors that do not address a petitioner's guilt or innocence cannot meet this standard. *See Babbitt v. Woodford*, 177 F.3d 744, 748 (9th Cir. 1999); *Martinez-Villareal v. Stewart*, 118 F.3d 628, 631 (9th Cir. 1997), *aff'd*, 523 U.S. 637 (1998). An alleged structural error is not exempt from this requirement. *See Villafuerte v. Stewart*, 142 F.3d 1124, 1126 (9th Cir. 1998) (applicant failed to establish a prima facie case where "[t]he minimal showing of [the trial judge's] claimed [racial] bias has nothing to do with Villafuerte's actual innocence of the crime").[1]

Here, Gurry acknowledges in his application that the new evidence does not establish his innocence. In his reply brief, Gurry points to his trial counsel's

---

[1] We reject Gurry's argument that it would be a "miscarriage of justice" to require that Gurry show actual innocence here. The "miscarriage of justice" exception does not apply to applications filed under 28 U.S.C. § 2244(b)(2)(B). *See Gage*, 793 F.3d at 1169.

testimony at a June 20, 2019 state court evidentiary hearing. To be sure, the testimony supports the merits of Gurry's underlying claims of judicial bias. However, the inquiry here is "not whether the petitioner merely sustained a prejudicial constitutional injury." *Brown*, 889 F.3d at 675. Rather, Gurry must "demonstrate that the previously undiscovered facts, if shown to be true in a habeas action, suffice to prove [his] innocence by clear and convincing evidence." *Id.* at 668. Neither trial counsel's testimony nor any other evidence Gurry cites meets that standard.

Accordingly, the application for leave to file a second or successive habeas petition on the basis of the trial judge's implied bias is DENIED.