**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

OCT 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICKY BENJAMIN, | No. 20-70935 |
| Applicant, | |
| v. | MEMORANDUM* |
| LAURA ELDRIDGE, | |
| Respondent. | |

Application for Authorization to File Second or Successive
28 U.S.C. § 2254 Habeas Corpus Petition

Submitted October 21, 2021**
Pasadena, California

Before: CALLAHAN, OWENS, and FORREST, Circuit Judges.

Ricky Benjamin seeks authorization to file a Second or Successive ("SOS")

petition for a writ of habeas corpus under 28 U.S.C. § 2254. A petitioner must

obtain an order from the court of appeals authorizing an SOS petition before filing

it in the district court. 28 U.S.C. § 2244(b)(3)(A); *Magwood v. Patterson*, 561

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S. 320, 330-31 (2010). A three-judge panel of the court of appeals may authorize the filing of an SOS petition only if the petitioner makes a prima facie showing that satisfies the requirements of 28 U.S.C. § 2244(b). 28 U.S.C. § 2244(b)(3)(B)-(C).

Benjamin asserts that his petition meets the requirements of 28 U.S.C. § 2244(b)(2)(B). Under this statute, a petitioner must make a prima facie showing that: (1) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," § 2244(b)(2)(B)(i); and (2) "the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," § 2244(b)(2)(B)(ii). *See King v. Trujillo*, 638 F.3d 726, 729-30 (9th Cir. 2011) (per curiam) (order) (referring to § 2244(b)(2)(B)(ii) as a showing of "actual innocence").

As the parties are familiar with the facts, we do not recount them here. We deny the amended application for authorization to file an SOS 28 U.S.C. § 2254 habeas petition.

1. For his ineffective assistance of counsel ("IAC") claim, Benjamin fails to show that he could not have discovered the factual predicate through exercising due diligence. 28 U.S.C. § 2244(b)(2)(B)(i). Due diligence "turns on two factors:

20-70935

(1) whether the petitioner was on inquiry notice to investigate further, and, if so, (2) whether the petitioner took reasonable steps to conduct such an investigation." *Solorio v. Muniz*, 896 F.3d 914, 921 (9th Cir. 2018). The factual predicate for an IAC claim has two parts, requiring Benjamin show both that counsel performed unreasonably and that the unreasonable performance resulted in prejudice. *Hasan v. Galaza*, 254 F.3d 1150, 1154 (9th Cir. 2001).

The record reflects that Benjamin knew of the factual predicate for his IAC claim before he filed his first habeas petition. Specifically, Benjamin had personal knowledge of the alibi and hat witnesses; could have accessed the relevant impeachment evidence in his counsel's records since trial; and attended trial so was on notice that his counsel failed to use this evidence. *See Solorio*, 896 F.3d at 920-21 (reviewing the record is a "reasonable step[]" to take to discover counsel's unreasonable performance); *Babbitt v. Woodford*, 177 F.3d 744, 747 (9th Cir. 1999) (per curiam) (holding that the petitioner did not exercise due diligence in an SOS petition for IAC where the facts of the unreasonable performance were available to the petitioner "since the conclusion of his trial" and were "plainly ascertainable by reviewing the record"). Benjamin also knew of the resulting prejudice—the effect on the jury's decision—when the trial concluded.

Because Benjamin knew or could have known the factual predicate for IAC at the time of trial, his lack of access to postconviction counsel or additional legal

materials is not relevant to whether he could have included the claim in his first habeas petition. *See King*, 638 F.3d at 732 (rejecting the petitioner's argument that he exercised diligence after appointment of Federal Public Defender because he failed to explain his lack of diligence before the appointment). Accordingly, Benjamin cannot meet the stringent due diligence requirement of § 2244(b)(2)(B)(i) and we need not consider the actual innocence prong. *See Woratzeck v. Stewart*, 118 F.3d 648, 650 (9th Cir. 1997) (per curiam).

2. For his prosecutorial misconduct subclaim based on *Napue v. Illinois*, 360 U.S. 264 (1959), Benjamin cannot meet the due diligence requirement of § 2244(b)(2)(B)(i) because he knew the factual predicate before filing his first petition and does not demonstrate that he exercised due diligence to discover the resulting prejudice. *See Solorio*, 896 F.3d at 920-21. The record contains substantial evidence showing that Benjamin's counsel knew or should have known at trial that both of witness Rochelle Thomas's referenced statements were false. *See id.* at 921 (concluding that to exercise due diligence under § 2244(b)(2)(B) for a prosecutorial misconduct claim, facts known "*at the time of trial*" are "sufficient to put [a petitioner] on notice to investigate further"). Once Benjamin was on notice of the false statements, he does not show he took reasonable steps to investigate and discover the resulting prejudice—the *Napue* violation—but only argues the prosecution should have corrected the testimony. *See id.* Accordingly,

Benjamin cannot meet the due diligence requirement for the *Napue* subclaim.

For his prosecutorial misconduct subclaims based on *Brady v. Maryland*, 373 U.S. 83 (1963), Benjamin can meet the due diligence requirements because the factual predicate was withheld by the prosecution and therefore could not have been discovered through due diligence. *See id*. at 920-21.

However, Benjamin cannot show that the withheld evidence amounts to clear and convincing evidence of actual innocence. 28 U.S.C. § 2244(b)(2)(B)(ii); *Brown v. Muniz*, 889 F.3d 661, 675 (9th Cir. 2018). He does not show that Thomas's warrants, probation status, or payments for housing "undermine confidence in the jury's verdict" because they merely impeach a witness who was already thoroughly impeached. *Turner v. United States*, 137 S. Ct. 1885, 1895 (2017) (citation and internal quotation marks omitted); *see also United States v. Lopez*, 577 F.3d 1053, 1064 (9th Cir. 2009) (holding that a *Brady* claim in an SOS petition requires showing "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different" (citation omitted)); *United States v. Endicott*, 869 F.2d 452, 456 (9th Cir. 1989) (holding that newly discovered impeachment evidence "does not warrant a new trial when the evidence would not have affected the jury's assessment of the witness' credibility and when the witness was subjected to vigorous cross-examination"). Moreover, the other evidence of Benjamin's guilt was unaffected

by the withheld evidence.

The question here is not whether failure to disclose witness payments might warrant a new trial, *see Bagley v. Lumpkin*, 798 F.2d 1297, 1300 (9th Cir. 1986), but rather whether the payments and other withheld evidence constitute clear and convincing evidence of actual innocence, and that standard is not met. *Brown*, 889 F.3d at 675. Therefore, Benjamin cannot meet the actual innocence prong of § 2244(b)(2)(B)(ii) for his *Brady* subclaims.

3. Because Benjamin cannot meet the requirements to authorize filing an SOS petition, we need not address the merits of the petition.

No further filings will be entertained in this case.

**DENIED.**