NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD ROJAS, Petitioner-Appellant, v. CHARLES L. RYAN; ATTORNEY GENERAL FOR THE STATE OF ARIZONA, Respondents-Appellees. | No. 18-15692 D.C. No. 2:15-cv-00933-JJT MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Argued and Submitted February 9, 2022
Phoenix, Arizona

Before: MURGUIA, Chief Judge, GRABER, Circuit Judge, and FITZWATER,**
District Judge.

Petitioner Richard Rojas timely appeals the district court's denial of habeas

relief. Petitioner asserts that his 2001 sentencing hearing violated the Supreme

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

Court's decision in Miller v. Alabama, 567 U.S. 460 (2012), and he argues that the Arizona state court erred in 2015 by denying his Miller claim. Reviewing de novo the district court's decision, Demetrulias v. Davis, 14 F.4th 898, 905 (9th Cir. 2021), we affirm.

Habeas relief is available only if the state court's decision was contrary to, or an unreasonable application of, Supreme Court precedent. 28 U.S.C. § 2254(d)(1). In conducting our review, we consider only Supreme Court "precedents as of the time the state court renders its decision." Greene v. Fisher, 565 U.S. 34, 38 (2011) (emphasis and internal quotation marks omitted). We therefore do not consider Montgomery v. Louisiana, 577 U.S. 190, 206 (2016), or any other Supreme Court decision that came after the state post-conviction court's 2015 decision. Nor do we express any view on the merits of Petitioner's claim, if considered in light of post-2015 decisions.

At Petitioner's sentencing hearing, the judge deliberated between a sentence of "natural life," Arizona's term for life without the possibility of release, and a sentence of life with the possibility of release after 25 years. The sentencing judge considered many factors, including Petitioner's age and "miserable childhood," and concluded that Petitioner warranted a sentence without any form of release.

For the reasons that we stated in Jessup v. Shinn, No. 18-16820, Op. at 9–14, the state court here reasonably applied Miller in rejecting Petitioner's claim.

2

Unlike the mandatory state statutes at issue in <u>Miller</u>, which prohibited individualized sentencing, Petitioner here received an individualized sentencing hearing during which the judge considered many factors, including Petitioner's youth. The judge nevertheless decided to impose a sentence without any form of release. As in <u>Jessup</u>, Op. at 12, nothing in the record here suggests that the precise form of release played any role in the sentencing judge's discretionary decision to deny release.

The state court also reasonably applied <u>Miller</u> in holding that the sentencing court's consideration of Petitioner's youth and "miserable childhood" sufficed to meet the demands of the Eighth Amendment. <u>Miller</u> overturned state statutes that mandated life without parole; under those statutes, the sentencing judge had no discretion whatsoever to consider youth or any other factor. It was reasonable for the Arizona Supreme Court to interpret <u>Miller</u>'s command that a sentencing judge consider "how children are different," <u>Miller</u>, 567 U.S. at 480, as being satisfied when the sentencing judge considered Petitioner's age and unfortunate childhood as mitigating circumstances. Indeed, before <u>Montgomery</u> was decided, we interpreted <u>Miller</u> in a similar fashion. See <u>Bell v. Uribe</u>, 748 F.3d 857, 869–70 (9th Cir. 2014) (rejecting a <u>Miller</u> claim that challenged a sentencing hearing similar to Petitioner's); <u>accord</u> <u>United States v. Luong</u>, 610 F. App'x 598, 600 (9th Cir. 2015) (unpublished) (rejecting a <u>Miller</u> claim because the sentencing court

3

considered the defendant's "age and the circumstances of his upbringing"); <u>Adams v. United States</u>, 583 F. App'x 658, 659 (9th Cir. 2014) (unpublished) (rejecting a <u>Miller</u> claim because the sentencing court considered mitigating circumstances, including the defendant's "deplorable childhood").[1]

**AFFIRMED.**

---

[1] We cite the unpublished dispositions as illustrative of how reasonable jurists interpreted <u>Miller</u> at the time, not for their precedential value.