Filed 8/1/24  P. v. Vasquez CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B333572 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA078205) |
| v. | |
| RUDY EVAN VASQUEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Karla D. Kerlin, Judge.  Affirmed.

Christine Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Appellant Rudy Evan Vasquez appeals from an order denying his petition for resentencing under Penal Code section 1172.6.[1] His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and appellant filed a supplemental brief.  We review the contentions appellant raises in his supplemental brief and affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    Prior proceedings

The following facts and prior history are taken in part from our previous nonpublished opinion, *People v. Vasquez* (May 19, 2021, B308426) (*Vasquez*).

"In May 1992, a reputed member of appellant Rudy Vasquez's gang was killed by a rival gang member.  Two weeks later, appellant drove into the rival gang's territory.  A fellow occupant of his car fired five or six gunshots into a group of rival gang members. Two of the rivals were hit, and one died.[ ]"

"In 1994, a jury found appellant guilty of one count of second degree murder, with an enhancement for a principal's use of a firearm, and one count of attempted first degree murder. The trial court sentenced appellant to 16 years to life plus a consecutive life sentence."  (*Vasquez, supra.*)

In 2015, appellant filed a petition for writ of habeas corpus, asserting in part that the felony murder rule as applied to second degree murder was void for vagueness.  The trial court denied the petition on the grounds that appellant "was not convicted of

---

[1]    Effective June 30, 2022, former section 1170.95 was renumbered to section 1172.6 with no change in text.  (Stats. 2022, ch. 58, § 10.)  All further undesignated statutory references are to the Penal Code.

second degree murder on a felony-murder theory. . . . [I]t is clear from the record that [appellant] was convicted of second degree murder on an aiding and abetting theory."

"On August 30, 2019, appellant filed a petition for resentencing under [former] Penal Code section 1170.95. Appellant asserted that he had been convicted of murder under the felony murder rule or natural and probable consequences doctrine and could not now be convicted of murder because of changes made to Penal Code sections 188 and 189 in January 2019." (*Vasquez, supra.*)

The trial court denied appellant's petition, and appellant appealed. His appointed counsel filed a brief raising no issues and requesting review under *People v. Wende* (1979) 25 Cal.3d 436. Appellant did not file a supplemental brief. A different panel of this division dismissed the appeal pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496. (*Vasquez, supra.*)

**B.    Proceedings relevant to this appeal**

On February 2, 2022, appellant filed another petition for resentencing under former section 1170.95. The trial court appointed counsel for appellant. The People opposed the petition on the grounds that appellant was not eligible for relief because he was convicted of second degree murder and willful, deliberate, premeditated attempted murder as a direct aider and abettor; he was not convicted under the felony murder rule, the natural and probable consequences doctrine, or any theory in which malice is imputed. The People asserted that appellant's jury was never instructed on felony murder or the natural and probable consequences doctrine. The People submitted the nonpublished opinion from appellant's original appeal, *People v. Vasquez* (Nov. 22, 1995, B084452), which noted that appellant "admitted driving

3

the car while Jose Garcia shot at the victims. [Appellant] said the shooting occurred after someone from the Primera Flats group threw a bottle at the car." The People also submitted some of the jury instructions that had been given at appellant's trial.

Appellant filed a reply brief stating that the jury was instructed on the natural and probable consequences doctrine in CALJIC Nos. 8.10, 8.11, and 8.31. Appellant asserted that he therefore was not ineligible for relief as a matter of law.

The trial court denied appellant's petition. The court noted the 2015 finding that appellant was not convicted under a felony murder theory. The court stated that it had reviewed the case file, and "the jury was not instructed on any theory of felony murder nor on a theory of natural and probable consequences." The court noted that appellant was convicted on an aiding and abetting theory, which "is still a valid theory." The court denied the petition because appellant had not made a prima facie case and was not entitled to relief.

Appellant timely appealed.

## DISCUSSION

Appellant's appellate counsel filed a brief raising no issues and requesting that this court proceed pursuant to *Delgadillo, supra*, 14 Cal.5th 216. Appellant was advised of his right to file a supplemental brief (see *Delgadillo, supra*, 14 Cal.5th at pp. 231-232), and he did so. We evaluate the arguments set forth in that supplemental brief. (See *id*. at p. 232 ["If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion"].)

Appellant asserts that the use of jury instructions CALJIC Nos. 8.11 and 8.31 in his trial established a prima facie showing

4

for resentencing. CALJIC No. 8.11, defining implied malice, states in part that malice may be implied when "[t]he killing resulted from an intentional act," "[t]he natural consequences of the act are dangerous to human life," and "[t]he act was deliberately performed with knowledge of the danger to, and with conscious disregard for, human life." CALJIC No. 8.31, defining second degree murder resulting from an unlawful act dangerous to life, states in part that second degree murder may occur where "[t]he killing resulted from an intentional act," "[t]he natural consequences of the act are dangerous to human life," and "[t]he act was deliberately performed with knowledge of the danger to, and with conscious disregard for, human life." CALJIC No. 8.31 therefore "recapitulate[s] the elements of implied malice as elements of second degree murder." (*People v. Carr* (2023) 90 Cal.App.5th 136, 145 fn. 3 (*Carr*).)

Section 1172.6 allows for resentencing when a person has been "convicted of . . . murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a).) Appellant argues that because CALJIC Nos. 8.11 and 8.31 include the phrase "natural consequences," his petition sufficiently established a prima facie showing with respect to the natural and probable consequences doctrine.

Appellant confuses the phrase "natural consequences" in the jury instructions with the natural and probable consequences doctrine. They are not the same. It is well established that a jury instruction stating that death is a "natural consequence" of the defendant's act "does not concern the imputed malice theory of criminal liability that is part of the natural and probable

5

consequences doctrine of accomplice liability affected by" changes to the Penal Code relevant to section 1172.6. (*People v. Carney* (2023) 14 Cal.5th 1130, 1146.) "[W]hile the words 'natural' and 'consequences' overlap, the rest of the two formulations are completely different." (*Carr, supra*, 90 Cal.App.5th at p. 144; see also *People v. Soto* (2020) 51 Cal.App.5th 1043, 1056 ["Although the instructions related to implied malice and the natural and probable consequences doctrine of aiding and abetting include similar language regarding a 'natural consequence,' they are distinctly different concepts"].) The instructions given to appellant's jury "did not allow implied malice to be imputed solely from the natural consequences of the act." (*Carr, supra,* 90 Cal.App.5th at p. 145 [discussing CALJIC No. 8.11]; see also *People v. Martinez* (2007) 154 Cal.App.4th 314, 334 ["the use of the term 'natural consequences' in [jury instructions'] definition of implied malice does not import into the crime of murder the caselaw relating to the distinct 'natural and probable consequences' doctrine developed in the context of aiding and abetting liability"].) Defining implied malice to include the "natural consequences" of the act remains valid after the statutory changes relevant to resentencing under section 1172.6. (See, e.g., *People v. Reyes* (2023) 14 Cal.5th 981, 988.)

Appellant cites two cases that do not support his contentions: *Henry v. Spearman* (9th Cir. 2018) 899 F.3d 703 and *Woratzeck v. Stewart* (9th Cir. 1997) 118 F.3d 648. Both cases involve whether, under federal law, the petitioners may file second or successive habeas corpus petitions to challenge their convictions. These cases are not relevant to a petition for resentencing under California's section 1172.6 or the validity of appellant's convictions.

6

In addition to rejecting the arguments appellant raised in his supplemental brief, we have exercised our discretion to independently review the record, and we conclude no arguable issues exist.  (See *Delgadillo, supra*, 14 Cal.5th at p. 232.)

**DISPOSITION**

The order denying relief is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, ACTING P. J.

We concur:


MORI, J.


ZUKIN, J.

7